FOURTH DISTRICT—APRIL, 1917.    287

Borrow v. Chicago, Burlington & Quincy R. Co., 206 Ill. App. 287.

## Benjamin F. Borrow, Plaintiff in Error, v. Chicago, Burlington & Quincy Railroad Company, Defendant in Error.

1. MASTER AND SERVANT, § 98*—*when actions must be brought under Federal Employers' Liability Act.* The Federal Employers' Liability Act has superseded the State statute wherever applicable, and all actions thereunder must be brought within two years from the date of the injury.

2. MASTER AND SERVANT, § 532*—*what constitutes new cause of action.* In a personal injury case, where the original declaration contained two counts alleging that the injury was caused by a fellow-servant, and the only difference in the counts was that one alleged that the defendant had elected not to provide and pay compensation under the Workmen's Compensation Act and the other set forth such election, and both counts alleged that plaintiff was not engaged in interstate commerce at the time of the injury, and more than two years after the accident said two counts were withdrawn and two new counts were filed which were the same as the original except that they alleged that plaintiff was engaged in interstate commerce at the time of the injury, and defendant pleaded the statute of limitations, *held* that the declaration filed after the expiration of two years from the time the injury occurred stated a new cause of action, warranting the overruling of plaintiff's demurrer to the plea of the statute of limitations.

3. MASTER AND SERVANT, § 98*—*what must be averred and proved to bring case within Federal Employers' Liability Act.* In order to bring a case under the Federal Employers' Liability Act, it is as necessary to allege and prove that the carrier is engaged in interstate commerce and that the person injured was engaged in such commerce as it is necessary to allege and prove any facts connected with the injury itself.

Error to the Circuit Court of Bond county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

C. J. LINDLY and CHARLES E. DAVIDSON, for plaintiff in error.

C. E. HOILES and ALBERT & ALBERT, for defendant in error; J. A. CONNELL, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

288 APPELLATE COURTS OF ILLINOIS.

Borrow v. Chicago, Burlington & Quincy R. Co., 206 Ill. App. 287.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action on the case brought by plaintiff in error, Benjamin F. Borrow, to recover damages for an injury sustained by him on the 15th day of February, 1913, while employed by defendant in error, Chicago, Burlington & Quincy Railroad Company. The original declaration was filed on December 26, 1914, and contained two counts. They charged that the injury was caused by the negligence of a fellow-servant. The only difference in the counts was that one alleged defendant in error had elected not to provide and pay compensation to its employees under the State Employees' Compensation Act and the other count set forth such election *in hæc verba*. In both counts it is alleged that plaintiff in error was not engaged in interstate commerce at the time of the injury. To these counts the plea of general issue was filed. At the March term, 1915, of the Bond county Circuit Court a trial was had resulting in a verdict for plaintiff in error and assessing his damages at $1,500. At the September term, 1915, this verdict was set aside and a new trial granted. At the January term, 1916, plaintiff in error by leave of court, withdrew the two original counts and filed two new or additional counts. These new or additional counts were the same as the original ones, except they both alleged that plaintiff in error was engaged in interstate commerce at the time of the injury. To these counts defendant in error pleaded the statute of limitations. The court overruled plaintiff in error's demurrer to these pleas, and he elected to abide his demurrer and has brought the cause to this court by writ of error.

As said by counsel for plaintiff in error in his statement: "The original suit was brought under the State statute and common-law count of master and servant and not under the Federal Employers' Liability Act.

The last two counts are under the federal statute. They were filed January, 1916, more than two years after the accident occurred.'' The question is, did the amended declaration or additional counts state a different cause of action from that stated in the original declaration or counts? It is well settled, and it is not controverted here, that the Federal Employers' Liability Act has superseded the State statute wherever applicable, and that all actions thereunder must be brought within two years from the date of the injury.

By the terms of the federal statute it is applicable in such a case as this, only when the railroad is engaged in interstate commerce and when the person injured suffers injury ''while he is employed by such carrier in such commerce.'' That the carrier is engaged in interstate commerce and that the person injured was engaged in such commerce are as necessary to be alleged and proved as any facts connected with the injury itself, in order to bring a case under the federal statute. They are a part of the cause of action necessary for the plaintiff to allege and prove to entitle him to recover under that statute. Neither one of these facts was alleged by plaintiff in error in his original declaration or counts, but in both such counts he expressly alleged that he was not engaged in interstate commerce at the time of the injury. He expressly stated the very conditions which would prevent a recovery under the federal statute. His original declaration or counts stated a cause of action for which he could recover only under the State statute. To recover under his additional counts or amended declaration, plaintiff in error would be required to prove a different state of facts from those required of him under his original counts or declaration. Again, the same defenses are not available to defendant in error under the facts alleged in the amended declara-

tion as would have been available to him under the facts stated in the original declaration. Not only must different proof be made to sustain the additional counts from that required to support the original counts, but matters which the defendant in error might prove as defense to the one would not be a defense to the other.

Plaintiff in error in his briefs relies to a large extent upon the case of *Missouri, K. & T. R. Co. v. Wulf,* 226 U. S. 570, as sustaining his position in this matter. It is to be observed, however, that the original petition in that case alleged that the railroad was operating between two States, while the original counts of the declaration in this case stated positively that the plaintiff in error was, at the time of the injury, not engaged in interstate commerce. The difference in the original pleadings in the two cases is therefore very marked. In the *Wulf* case, *supra,* the subsequent pleadings did not contain statements changing the allegations as to the business carried on by the railroad company, as in all pleadings it was treated as being engaged in interstate commerce, while in the case at bar, the business which was carried on by the railroad company was changed by the subsequent pleadings from intrastate to interstate commerce, to which different rules of law concerning the obligation of railroad companies to their employees apply. Since this case has been taken on call, counsel for appellant have submitted to us the case of *Curtice v. Chicago & N. W. Ry. Co.,* 162 Wis. 421, 156 N. W. 484. This case is in many respects similar to the one we have under consideration. The suit was brought to recover for personal injuries and the original complaint alleged, among other things, that the defendant was a railway corporation organized under the laws of the State of Wisconsin; that at all the times mentioned in the complaint, defendant "owned and operated a line of railway in and through said State and between the Cities

of Marinette and Green Bay, Wisconsin,'' and setting forth the manner in which the injuries complained of occurred. The defendant, by his answer, set up facts showing that at the time of the injury plaintiff and defendant were engaged in interstate commerce and that the cause of action, if any, existed under the federal law and not under the laws of the State of Wisconsin. Subsequently, more than two years after the injury was alleged to have occurred, the plaintiff was allowed to amend his complaint by alleging facts showing that plaintiff and defendant were at the time of the injury engaged in interstate commerce. The court below sustained a demurrer to the amended complaint on the ground that the amendment set up a new cause of action which was barred by the Two-Year Statute of Limitations, but the Supreme Court of Wisconsin, by a divided court, reversed and remanded the cause. Mr. Justice Kerwin, who delivered the majority opinion, uses the following language: ''The point involved upon this appeal, under the assignments of error, is whether the amended complaint set up a different cause of action than that stated in the original complaint. The contention of the appellant is that there is but one cause of action, and that under the federal act, while on the part of the respondent it is insisted that the original complaint set up a cause of action under the State law, and that the amendment changed it from a cause of action under the State law to one under the federal act. It is obvious that but one cause of action existed upon all the facts stated in the amended complaint. It is equally obvious that the original complaint was defective in failing to state certain facts going to show that at the time the injury was sustained, the parties were engaged in interstate commerce. Nothing stated in the amended complaint was in conflict or inconsistent with the allegations of the original complaint. The cause of action upon

which the plaintiff sought to recover damages was defectively stated in the original complaint and the defects were cured by the amendment.   *   *   *   There is another feature of this case which is worthy of notice.   When the defendant answered the original complaint it set up the facts which were omitted in the plaintiff's defective complaint and necessary to perfect the cause of action under the federal act, and which were afterwards set up by plaintiff in the amendment complained of.   The defendant was therefore in no way surprised or prejudiced by the amendment.   Doubtless the case could have gone to trial on the pleadings as originally framed and the complaint on the trial amended, or treated as amended, in accordance with the issues made by the pleadings as originally framed. *   *   *   We are convinced that the amendment did not introduce a new cause of action, but cured the defective cause of action originally pleaded, hence the amendment was proper.''

We have quoted thus freely from the opinion filed in this case because the question raised is so similar to the one presented here, and for the further reason that the case is evidently relied on by counsel for appellant as decisive of the question presented to us.   A close inspection of the opinion in that case, however, will demonstrate that the pleadings there were so dissimilar to the pleadings in this case that the decision based upon the former cannot be considered as controlling the question we have to decide.   It is to be observed that in that case the answer of the defendant to the original complaint set up the fact that both plaintiff and defendant were at the time of the injury engaged in interstate commerce, and the court, in referring to that fact, states that the answer set up the facts which were necessary to perfect the cause of action under the federal act; also that the case could doubtless have gone to trial on the pleadings as originally framed and the complaint treated as amended

in accordance with the issues made by such pleadings. In the case at bar, however, no such condition existed, as there was nothing in the original pleadings to indicate that plaintiff in error and defendant in error were or that either of them was engaged in interstate commerce. It is further said in that opinion that there was nothing stated in the amended complaint which was in conflict or inconsistent with the allegations of the original complaint. In this case the original counts of the declaration both stated directly that plaintiff in error was not at the time of the injury engaged in interstate commerce, while the new counts alleged with equal directness that plaintiff in error was engaged in interstate commerce at the time of the injury. There were no defects in the original counts which were cured by the statements made in the amended counts, but the two statements were diametrically opposed to each other, and based their respective rights of action upon different facts, and also upon different laws to be applied to those facts.

We conclude from our consideration of this case that the declaration, filed after the expiration of two years from the time the injury occurred, stated a new cause of action and that the trial court did not err in overruling the demurrer of plaintiff in error to the plea of the statute of limitations. The judgment is accordingly affirmed.

*Affirmed.*