CHICAGO—FIRST DISTRICT—JUNE, 1917.    11

Northern Trust Co. v. Grand Trunk Western R. Co., 207 Ill. App. 11.

Northern Trust Company, Administrator, Appellee, v. Grand Trunk Western Railroad Company, Appellant.

Gen. No. 22,945.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed June 11, 1917. Rehearing denied June 25, 1917.

## Statement of the Case.

Action under the Federal Employers' Liability Act by the Northern Trust Company, administrator of the estate of F. Parks, deceased, plaintiff, against the Grand Trunk Western Railway Company and Grand Trunk Railway Company, defendants, to recover the sum of $18,000 for the death of plaintiff's intestate, a railroad switchman, who was killed by being crushed between the end of a car 75 feet long and the center of a platform connected with a hay barn. From a judgment for plaintiff for $18,000, to be apportioned $12,000 to Blanche Parks, widow of plaintiff's intestate, and $6,000 to William Francis Parks, the 8-year-old son of deceased, defendant Grand Trunk Western Railway Company appeals, the case having been dismissed as to the other defendant.

The platform and track were curved so that 36-foot cars came within 12 to 15 inches of the center of the platform, but 70 and 60-foot cars came within 5 to 7 inches of the center of the platform. The longer cars were of the more unusual type. The rail nearest the platform was about 15 inches therefrom for its entire length.

KRETZINGER & KRETZINGER and L. L. SMITH, for appellant; G. W. KRETZINGER, JR., of counsel.

C. HELMER JOHNSON and D. D. ROOT, for appellee; ARTHUR H. CHETLAIN, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT—*when negligence in locating platform near track is question for jury*. In an action under the Federal Employers' Liability Act to recover for the death of a railroad switchman who was crushed between a car seventy feet long, moving on a curved track, and the center of the edge of a curved platform, the edge of which was fifteen inches from the nearest rail, where it appeared that bcaúse of the unusual length of the car it came within five inches of the platform at the center, *held* that it was a question for the jury whether defendant was guilty of negligence in the location of the platform.

2. MASTER AND SERVANT, § 759*—*when contributory negligence of switchman is question for jury*. In an action to recover for the death of a railroad switchman under the Federal Employers' Liability Act, due to his being caught between a car seventy feet long, an unusual type, and the center of the outer edge of a curved platform, the edge of which was fifteen inches from the nearest rail, while waiting to give a signal to the engineer, *held* that it was a question for the jury whether plaintiff was guilty of contributory negligence.

3. MASTER AND SERVANT, § 126*—*what care required in furnishing safe place to work*. It is the duty of a master to use reasonable care to furnish his servant a safe place in which to perform his work.

4. MASTER AND SERVANT, § 447*—*when servant may assume that master has exercised care to protect him in his work*. A servant has the right to assume, in doing his work, that reasonable care has been exercised by the master to protect him from danger of being injured.

5. MASTER AND SERVANT, § 699*—*when evidence insufficient to charge switchman with knowledge of conditions causing his death*. In an action to recover for the death of a railroad switchman who was killed by being crushed between an unusually long freight car, moving on a curved track, the rails of which were equidistant from the edge of a curved platform, and the center edge of such platform, where it appeared that at the ends of the platform there was room for a man's body to pass; that deceased had worked at other similar places for defendant and at or near the particular platform

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Northern Trust Co. v. Grand Trunk Western R. Co., 207 Ill. App. 11.

before, but the circumstances were not disclosed, evidence *held* insufficient to charge deceased with knowledge of the conditions causing his death.

6. MASTER AND SERVANT, § 430*—*when defense of contributory negligence allowable in action under Federal Employers' Liability Act.* Under the Federal Employers' Liability Act the defense of contributory negligence is only allowable for the purpose of reducing the damages which might otherwise be recoverable.

7. MASTER AND SERVANT, § 537*—*what plaintiff in action under Federal Employers' Liability Act must plead and prove.* In an action under the Federal Employers' Liability Act, it is necessary for a plaintiff seeking the benefits of the act to allege and prove that the injured employee was engaged in interstate commerce at the time of the alleged injury.

8. REMOVAL OF CAUSES, § 1*—*what is right to remove cause to federal court.* The right to remove a cause to the federal court is a statutory right, and one seeking to enforce it must bring himself within the terms of the statute.

9. REMOVAL OF CAUSES, § 2*—*what cause is not removable to federal court.* Under section 28 of the Judicial Code of the United States, no cause arising under the Federal Employers' Liability Act of 1908 is removable to a federal court.

10. DEATH, § 80*—*when increasing of ad damnum in declaration in presence and hearing of jury is not reversible error.* In an action for death of a railroad switchman, *held* that the action of the court in permitting plaintiff to increase the *ad damnum* of its declaration in the hearing and presence of the jury was not reversible error.

11. DEATH, § 80*—*when error in directing jury to apportion damages in action for under Federal Employers' Liability Act is not reversible error.* In an action by the administrator of the estate of a railroad switchman to recover for the latter's death, *held* that the action of the court in directing the jury to apportion the damages allowed between the widow and child of the deceased was not reversible error, as the widow and child would, in any event, have the legal right to participate in any sum awarded plaintiff.

12. DEATH, § 67*—*when verdict not excessive.* A verdict of $18,000 for the death of a railroad switchman twenty-eight years of age who had been earning $125 per month, *held* not excessive.

13. DEATH, § 78*—*what considered in determining excessiveness of verdict.* The fact that the money value of life and health is appreciating and the earning capacity of money is steadily depreciating is a factor to be considered in determining whether or not a verdict for death is excessive, and the result of passion and prejudice on the part of the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

14. Master and servant, § 801*—*when instruction in language of statute is not reversibly erroneous.* An instruction in the language of the statute, in an action under the Federal Employers' Liability Act, *held* not reversibly erroneous.

15. Master and servant, § 430*—*contributory negligence under Federal Employers' Liability Act.* The Federal Employers' Liability Act does not limit contributory negligence to that which proximately contributes to the accident.

16. Master and servant, § 777*—*when instruction on contributory negligence in reduction of damages in action under Federal Employers' Liability Act is not materially misleading.* In action for death of a railroad switchman under the Federal Employers' Liability Act, an instruction that required that any negligence of the deceased must have proximately contributed to his death before such negligence could be considered in reduction of damages, *held* not materially misleading.

17. Negligence, § 66*—*what constitutes contributory.* The words "contributory negligence" include such negligence as proximately contributes to an occurrence which causes an injury.

18. Death, § 73*—*when instruction on damages in action for death under Federal Employers' Liability Act is proper.* In an action for death under the Federal Employers' Liability Act, an instruction that plaintiff was limited to a recovery for the actual pecuniary loss sustained as the result of the death of deceased, less such amount as the jury might deduct by reason of contributory negligence, if any, of the deceased, *held* proper.

19. Master and servant, § 800*—*when instruction on liability of railroad for construction of platform too near track is not erroneous.* In an action under the Federal Employers' Liability Act for the death of a railroad switchman who was killed by being crushed between an unusually long freight car, moving on a curved track, the rails of which were fifteen inches equidistant from the edge of a curved platform, and the center edge of such platform, an instruction that the proximity of the track to the platform was an engineering question for the defendant to determine and that no negligence was to be imputed to the defendant by reason of such proximity of the platform to the track, *held* not erroneous.

20. Master and servant, § 126*—*what care required in construction of unloading platform near track.* A railroad is only required to exercise reasonable care in the construction of an unloading platform along a track in the interests of those who may be lawfully required to use such works or premises.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.