# Hines, Director General of Railroads v. Burns' Administratrix.

(Decided December 3, 1920.)

## Appeal from Bourbon Circuit Court.

1. **Master and Servant—Federal Employers' Liability Act—Jurisdiction.**—The action provided by the Federal Employers' Liability Act is exclusive of one for the same cause under state laws and when coming within the provisions of the federal act must be brought thereunder though prosecuted in a state court, and if the case is brought under the state law and during the trial it develops by undisputed evidence that it is one exclusively

within the provisions of the federal act the plaintiff should amend his pleadings so as to conform the action to one under the federal act, or if he should fail to do so the court should sustain a peremptory instruction to find for the defendant.

2. Master and Servant—Federal Employers' Liability Act—Pleading.—Where plaintiff in a suit under the state law fails to amend his pleading when the evidence develops that it should have been brought under the federal act it is not necessary for the defendant to file any written pleading or motion relying on the wrong procedure, or enter any motion on the record to that effect, but the question may be raised by offering the peremptory instruction, and it is not necessary under the practice in this state that one offering such an instruction should state the grounds upon which he makes his motion.

3. Master and Servant—Employers' Liability Act—Interstate Commerce.—In order to sustain a suit under the Federal Employers' Liability Act the carrier must be engaged in interstate commerce and the employee at the time he receives the injuries must also be at work in interstate commerce. It is not essential that the causal negligence must have been inflicted by an instrumentality so engaged in such commerce.

4. Master and Servant—Action for Death of Servant—Interstate Commerce.—This suit was brought under the state law by a personal representative to recover damages for the death of his deceased who was a locomotive engineer on a railroad engaged in interstate commerce. It developed in the proof without contradiction that the deceased had been called to operate an engine pulling an interstate train which was to depart at 9 o'clock p. m. He was injured thirty minutes before that time and while he was on a mission to fill his oil cans to be used in making his trip and at a time when he was preparing to make the interstate trip. Held that he was at the time of receiving his injuries engaged in interstate commerce within the provisions of the Federal Employers' Liability Act, and plaintiff having failed to amend his petition the court erred in overruling the defendant's motion for a peremptory instruction.

EMMETT M. DICKSON and BENJAMIN D. WARFIELD for appellant.

ROBERT B. FRANKLIN and TALBOTT & WHITLEY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below as the administratrix of Robbie Burns recovered a judgment against the Director General of Railroads, the appellant and defendant below, for the sum of $22,500.00 as damages to the estate of the decedent for the destruction of his power

to earn money by negligently causing his death. It was alleged in the petition that the decedent was a locomotive engineer at the time of his death and that he was engaged in operating a train on the Louisville & Nashville Railroad system which ran from Cincinnati, Ohio, to Knoxville, Tennessee, and that on the night of December 13, 1918, a servant of defendant, who was operating the railroad system at the time under the Federal Control Act, negligently ran an engine against decedent in the railroad yards at Corbin, Kentucky, inflicting injuries upon him from the effects of which he died two days thereafter. It was furthermore alleged that decedent had been called to make a trip as engineer on the railroad system and that his train was to depart at 9 o'clock p. m., and that at the time he was injured he was crossing the track going to the oil house "to get oil to run his engine," or that he was crossing the track "coming from the oil house with oil to run his engine." A demurrer filed to the petition was overruled, followed by an answer which denied the infliction of the injury as well as the negligence alleged in the petition, but admitted the employment of the decedent as engineer and his mission on the railroad yards at the time. A second paragraph pleaded contributory negligence on the part of the decedent in diminution of damages pursuant to chapter 52, Acts 1918, page 153, and a third paragraph defended on the ground of assumption of the risk by decedent. The affirmative pleas were denied by a reply and the jury returned the verdict above stated, followed by defendant's motion for a judgment notwithstanding the verdict, which the court overruled. At the close of plaintiff's testimony defendant moved the court for a directed verdict in his favor, which was overruled with exceptions and it was renewed at the close of all the testimony with a like result.

Many supposed errors are stated in the motion for a new trial, most all of which are pressed upon us as grounds for reversing the judgment, but under the conclusion we have reached we have determined to consider and discuss but one of them, which is the propriety of the court's action in declining to give to the jury the offered peremptory instruction. In support of the motion therefor counsel for defendant argue that the court was in error (a) because the undisputed testimony shows that the decedent at the time of receiving his injuries,

as well as his employer, was engaged in interstate commerce and that the suit should have been brought and prosecuted under the provisions of what is commonly known as "The Federal Employers' Liability Act" instead of under the state law under which it was brought and prosecuted, and (b) because the evidence failed to establish any negligence on the part of defendant producing the injury.

Taking up reason (a) in support of the motion for a directed verdict in favor of defendant, the uncontradicted evidence clearly establishes that decedent at the time he received the injuries complained of was in the employ of an interstate carrier and that he himself was engaged in interstate commerce. The foreman of the round house at Corbin testified without objection that decedent was called to make his run from Corbin, Kentucky, to Norton, Virginia, at 7:35 p. m. on the night of the accident and all the proof shows that he appeared upon the railroad yards and began the preparation for his interstate trip about thirty minutes thereafter and that the accident happened about one hour after he was called at 8:30 o'clock. The petition alleges (and which fact is not denied) that at the time he received his injury he was engaged in procuring oil to use upon his engine while making the interstate trip and it is shown by other witnesses whose testimony is not disputed that just before the accident the decedent came to the oil house and had his oil cans filled and that he stated at the time that he was doing so to use the oil on his engine. The oil cans were found where it is claimed by plaintiff the injury occurred, which shows that decedent had them in his possession at the time he was injured. There is no testimony in the record nor proven circumstances contradicting the above related facts.

It has been thoroughly settled in a number of cases from the Supreme Court that under the facts here appearing the servant was engaged in interstate commerce and that a suit by him to recover damages for injuries while thus employed, or by his administrator to recover damages for his death if he was killed, should be prosecuted under the federal liability act, *supra,* and not under the laws of the state where the accident occurred. Pederson v. Delaware, Lackawanna & Western R. R. Co., 229 U. S. 146; North Carolina Railroad Co. v. Zachary, Administrator, 232 U. S. 248; St. Louis, San Francisco R. R. Co. v. Seale, 229 U. S. 156; Toledo, St. Louis

& Western R. R. Co. v. Salvin, 236 U. S. 454; Missouri, Kansas & Texas R. R. Co. v. United States, 231 U. S. 112; N. Y. Central & Hudson R. R. Co. v. Carr, 238 U. S. 260, and many others following them, two of which are Erie R. R. Co. v. Szary, 64 Lawyers Edition Supreme Court Reporter — (decided May 17, 1920), and Philadelphia & Reading R. R. Co. v. Hancock, idem. — (decided June 1, 1920).

In the Zachary case the deceased employee was engaged in preparing an engine for an interstate trip but which had not been actually coupled to any interstate cars. While so engaged he was temporarily absent from his engine for a purpose consistent with his employment and while so absent received his injuries. The Supreme Court holding that he was at the time engaged in interstate commerce said:

"It is argued that because, so far as appears, deceased had not previously participated in any movement of interstate freight, and the through cars had not as yet been attached to his engine, his employment in interstate commerce was still *in futuro*. It seems to us, however, that his acts in inspecting, oiling, firing, and preparing his engine for the trip to Selma were acts performed as a part of interstate commerce, and the circumstance that the interstate freight cars had not as yet been coupled up is legally insignificant. See Pedersen v. Del., Lack. & Western R. Co., 229 U. S. 146, 151; St. Louis & San Francisco Ry. v. Seale, 229 U. S. 156, 161.

"Again, it is said that because deceased had left his engine and was going to his boarding house, he was engaged upon a personal errand, and not upon the carrier's business. Assuming (what is not clear) that the evidence fairly tended to indicate the boarding house as his destination, it nevertheless also appears that deceased was shortly to depart upon his run, having just prepared his engine for the purpose, and that he had not·gone beyond the limits of the railroad yard when he was struck. There is nothing to indicate that this brief visit to the boarding house was at all out of the ordinary, or was inconsistent with his duty to his employer. It seems to us clear that the man was still 'on duty,' and employed in commerce, notwithstanding his temporary absence from the locomotive engine."

In the Carr case the injured employee was a brakeman on a local freight train which ran between two points within the state of New York. At the time Carr sustain-

ed the injuries sued for the engine was switching two intrastate cars preparatory to coupling up the train for the immediate prospective trip and in which cars containing interstate shipments were to be transported. The Supreme Court in holding that the employee was engaged in interstate commerce said:

"But the matter is not to be decided by considering the physical position of the employee at the moment of injury. If he (the employee) is hurt in the course of his employment while going to a car to perform an interstate duty; or if he is injured while preparing an engine for an interstate trip he is entitled to the benefits of the federal act, although the accident occurred prior to the actual coupling of the engine to the interstate cars. St. Louis, etc., Ry. v. Seale, 229 U. S. 156; North Carolina R. R. v. Zachary, 232 U. S. 248. This case is within the principle of those two decisions."

In the Szary case the employee was engaged in preparing sand to be used by the engines and supplying them with it. The engines so supplied were used for both intrastate and interstate trips. After supplying several engines with sand which had been previously dried on a stove used for the purpose he removed some ashes from the stove and carried them across one of the railroad tracks where they were emptied into a pit constructed for the purpose and he went from there to an engine room to get a drink of water and when returning across the track he was hit by an engine and sustained the injuries for which he sued. The court in holding him to be engaged in interstate commerce at the time he received his injuries said:

"We think these facts bring the case within the Collins case (64 Lawyers Edition Supreme Court Reporter, —), and the test there deduced from prior decisions. There were attempts there, and there are attempts here, to separate the duty and assign its character by intervals of time, and distinctions between the acts of service. Indeed, something is attempted to be made of an omission, or an asserted omission, in the evidence, of the kind of commerce in which the last engine served was engaged. The distinctions are too artificial for acceptance. The acts of service were too intimately related and too necessary for the final purpose to be distinguished in legal character.

"The conclusion that the service of Szary was rendered in interstate commerce determines the correct-

ness of the ruling of the District Court upon the motion to dismiss, made at the close of plaintiff's evidence, and afterwards for particular instructions and the objections to the charge by the court. All of the rulings were based on the character of the commerce, the court adjudging it to be interstate.''

We deem it unnecessary to consider further in detail, or to quote from any of the other opinions of the Supreme Court, since they all follow and coincide with those from which we have taken excerpts. As we have seen the deceased employee in this case was engaged in equipping his engine to make an interstate trip and under the above opinions of the Supreme Court it was not necessary that the engine should be coupled to the cars composing the train in order to render the particular engagement of the servant one performed in interstate commerce so as to bring this cause of action under the provisions of ''The Federal Employers' Liability Act.'' This court has given a like construction to the Federal Statute, as indeed it was its bounden duty to do. C. N. O. & T. P. R. R. Co. v. Tucker, 168 Ky. 144; C. & O. R. R. Co. v. Shaw, Idem. 537; L. & N. R. R. Co. v. Mullins, 181 Ky. 148; L. & N. R. R. Co. v. Walker's Admr., 162 Ky. 209, and a number of other cases which might be cited.

In the case of L. & N. R. R. Co. v. Parker's Admr., 165 Ky. 658, it was held by us that a foreman in switching an engine attached to an interstate car preliminary to handling an interstate car was not engaged in interstate commerce, but the Supreme Court of the United States, to which the case was appealed from this court, held otherwise, saying: ''In this the court was in error, for if, as there was strong evidence to show, and as the court seemed to assume, this movement was simply for the purpose of reaching and moving an interstate car, the purpose would control and the business would be interstate.'' 242 U. S. 13. But the judgment was affirmed by that court upon the ground that the evidence did not clearly establish the facts assumed by this court and that the interstate commerce question should have been submitted to the jury by an appropriate instruction which the defendant therein did not ask for at the trial and therefore waived it. It is not necessary for a case to come within the federal act that the causal negligence was produced by one, or by an instrumentality engaged in interstate commerce, since it is suffcient if the injured

employee was at work for an interstate carrier and he was engaged in interstate commerce at the time. Pedersen case, *supra,* and L. & R. R. Co. v. Walker's Admr., *supra.*

In the Tucker case, the Parker case, and I. C. R. R. Co. v. Kelly, 167 Ky. 745, it was held that when a suit was brought under the Federal Statute and the proven facts were insufficient to authorize the action under that statute it was the duty of the plaintiff to amend his pleading to conform to the proof and proceed under the state law; and *vice versa,* if the action was brought under the state law and the proof showed the injury to be one sustained while plaintiff was engaged in interstate commerce he should likewise amend his pleading. But, in either case if he fails to do so there should be an instruction directing a verdict for the defendant. We quote from the Tucker case:

"It will thus be seen that the Kelly case presented the converse of the proposition now before us.

"In the Kelly case, however, this court said that the trial court should have given the plaintiff leave to amend his petition to conform to the proof, and upon the filing of such amendment it should have submitted the case to the jury under instructions applying the state law.

"And, it was there further held, that if the plaintiff should refuse to avail himself of the right to amend, the court should give a peremptory instruction directing a verdict for the defendant.

"We must, therefore, treat the decision in the Kelly case as conclusive of the questions here raised, and hold that appellant's motion for a peremptory instruction sufficiently challenged the plaintiff's right to further proceed under the state law; and that the practice under the state law required the plaintiff to amend his petition to conform to the proof in order to have the case which he proved submitted to the jury, under proper instructions.

"Upon another trial this may be done; but, in submitting the case to the jury without an amendment of the petition, the trial court was in error."

In the Parker case it is said: "If at the conclusion of the testimony it had developed that Parker at the time of his injury was engaged in interstate commerce there could have been no recovery, and appellant would

have been entitled to the peremptory instructions for which it asked."

But, it is the position of plaintiff's counsel (which they argue at great length and upon which they based a motion in this court to dismiss this appeal in so far as it sought a reversal because of the interstate feature of the case) that neither the offered peremptory instruction, nor the motion for a judgment notwithstanding the verdict, was sufficient to raise the interstate question involved, since, as insisted, there should have been a disclosure in some manner of record of defendant's reliance on that question, or at any rate there should have been an express reference to it (though oral) during the trial. We do not so understand the practce in this state. The cases to which we have referred in this court hold that a peremptory instruction sufficiently raises the question, and in this case it expressly appears of record that the motion was based on the *insufficiency of the pleadings* and of the evidence. It has never been held, so far as we have been able to ascertain, nor does counsl cite us to any such case, that it is necessary under the practice in this state for a litigant to announce to the court, either orally or otherwise, the grounds upon which he asks for a peremptory instruction. The peculiar and in fact only function of that motion is to challenge the sufficency of the adversary's showing to entitle him to relief in the particular remedy adopted, and almost innumerable cases might be cited where no such requirement was ever demanded. In fact there was no such manifestation of the fact at the trial of the Tucker case, *supra,* as is disclosed by the record, which we have closely examined, and because of such failure it was insisted in this court by plaintiff's counsel in that case, that the question had not been properly raised in as much as the grounds for the offered peremptory instruction had not been stated in any manner at the trial. In support of that argument counsel in that case made this statement in their brief: "It is but fair and just that if the defendant in a case of this character knows that the act complained of was an interstate act, it should set up the fact in its answer or in some motion before the parties go into trial. We feel sure this court has not yet ruled upon this question, but that it is not the proper practice to raise the question of the jurisdiction of the court for the first time upon a motion for a peremptory instruction."

This court did not regard the argument sufficient and in its opinion upholding defendant's right, under the facts proven, to the peremptory instruction said:

"At the close of the plaintiff's proof, the defendant moved the court to peremptorily instruct the jury to find a verdict for it, upon the ground, *as now claimed,* that it had appeared for the first time, in the proof, that the action should have been brought under the Federal Employers' Liability Act, and, that in alleging the cause of action under the state law, and in proving a cause of action under the federal law, the plaintiff had failed to prove the case alleged. And, appellant contends that it properly raised that question by its motion for a peremptory instruction."

It will be observed that the court uses the expression "as now claimed," which was tantamount to saying that the ground urged for the peremptory instruction was asserted for the first time in this court. At any rate the question was squarely presented in that case and decided contrary to appellee's contention in this case. We feel necessarily bound to follow that opinion and the numerous others from this court holding it unnecessary to divulge the ground upon which such a motion is offered.

In support of counsel's insistence to the contrary we are cited to a great number of both state and federal cases holding that if one desires to rely in defense of the action upon some federal question he should present it by an appropriate pleading or in some other manner conformable to the local practice. Among the cases so relied on is that of L. & N. R. R. Co. v. Woodford, 152 Ky. 398, which was a suit to recover damages to a shipment of some thoroughbred horses from Lexington, Kentucky, to Juarez, Mexico, which was of course an interstate shipment. Under the Federal Statute known as the "Carmack Amendment" it was competent for the carrier to limit its liability in the bill of lading issued to the shipper. This was done in the bill of lading issued in that case, but the answer of the carrier did not set up or rely upon the limited values fixed in the bill of lading, and this court held that having failed to do so the defense was waived. In other words, that the defense was not presented in the manner required by the practice in this state. In this case, however, the matter *was presented,* as we have seen, in the manner required by the local practice. Moreover, in that and other like cases

the matter not properly presented constituted a meritorious bar or *pro tanto* bar to the cause of action and was therefore unlike the question involved in this case, which presents matters only in abatement of the particular suit. The difference in the two classes of cases is too plain for argument and we deem it unnecessary to make further reference to any of the others cited by counsel in support of this contention.

That the Federal Employers' Liability Act supersedes the laws of the respective states in cases where its provisions are applicable there can be no question. Thorton's Federal Employers' Liability Act, 3rd edition, pages 34 and 35; Taylor v. Taylor, 232 U. S. 363; Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, and the Tucker and Kelley cases, *supra*.

All other questions presented by this record and not expressly determined in this opinion are left open and none of them is to be considered as adjudicated in any future litigation between the parties based upon the same cause of action.

Wherefore the judgment is reversed with directions to proceed in accordance with this opinion.