## CHICAGO, R. I. & G. RY. CO. v. BERNNARD. (No. 2523.)

(Court of Civil Appeals of Texas. Amarillo. June 17, 1925.)

**1. Commerce ⬉27(8)—Employment and service of railroad employé in water service department held in furtherance of interstate commerce.**

Employment and service of railroad employé in water service department, who fixed pumps and kept up wells on railroad at places where trains got water coming from Kansas and going into New Mexico, were in furtherance of interstate commerce.

**2. Master and servant ⬉226(2)—Risk from negligence of master assumed by servant having notice.**

At common law, servant did not assume risk arising from negligence of master of which he had no knowledge, but did assume risk and danger incident to negligence of master of which he had prior notice.

**3. Master and servant ⬉204(1)—Defense of assumed risk not available to railroad under state statute.**

In suit for personal injuries by employé against railroad operating within the state, defense of assumed risk as allowed at common law is not available to railroad if basis of plea is knowledge or means of knowledge by employé of defect or danger which caused injury, except as provided in Vernon's Sayles' Ann. Civ. St. 1914, art. 6645.

**4. Commerce ⬉8(4)—Safety appliance law, in all cases involving railroads and their employés in interstate commerce, supersedes Texas statute. limiting defenses.**

Safety appliance law, in all cases involving railroads and their employés engaged in interstate commerce, supersedes Texas statute limiting defense of assumed risk as allowed at common law.

**5. Master and servant ⬉256(1)—Petition held not to allege litigants were engaged in interstate commerce.**

In suit for injuries to railroad employé, when motor car on which he was riding jumped the track, petition *held* not to show that litigants were engaged in interstate commerce at time injury occurred.

**6. Master and servant ⬉256(1)—Employé must allege he was engaged in interstate commerce to bring case under federal law.**

In order for employé, seeking to recover for personal injuries against a carrier engaged in interstate commerce, to bring his case under federal law, he must allege and prove that he was engaged in such commerce.

**7. Commerce ⬉8(6)—Texas statutes inapplicable to railroad employé's suit for injuries, where engaged in interstate commerce.**

Where railroad was engaged in interstate commerce, and railroad employé's service was in furtherance thereof, his suit for injuries against railroad would not be governed by Texas statutes, since they have been superseded by acts of Congress.

**8. Master and servant ⬉256(1)—Railroad employé's right to recover for injuries sustained in interstate commerce held based on action at common law.**

Where railroad employé, suing for injuries incurred on railroad engaged in interstate commerce, did not by his pleadings bring his case under U. S. Comp. St. § 8660, and railroad's answer did not do so, case pleaded under Texas statute was not proved, and case proved being controlled by federal law was not pleaded, and hence employé's right to recover as revealed by pleadings was based on an action at common law.

**9. Master and servant ⬉256(1)—Allegation in railroad employé's action for injuries engaged in interstate commerce deemed to refer to violation of Texas laws.**

In railroad employé's action for injuries sustained when motor car jumped track, on railroad engaged in interstate commerce, allegation that railroad was negligent in not having motor car equipped with proper brakes would be deemed to refer to a violation of Vernon's Sayles' Ann. Civ. St. 1914, arts. 6446, 6448, in absence of any reference in pleadings to facts suggesting interstate service by either of litigants.

**10. Master and servant ⬉288(2)—Evidence held to raise issue of railroad employé's assumption of risk.**

In railroad employé's action for injuries sustained when motor car jumped track, on railroad engaged in interstate commerce, with plaintiff's pleadings making a case under common law, evidence *held* to raise issue of assumed risk.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Master and servant ⟨⟩286(13)—Whether motor car would have been stopped before open switch was reached, and derailment avoided, held for jury.**

In railroad employé's action for injuries, sustained when motor car jumped track, on railroad engaged in interstate commerce, with pleadings making case under common law, whether motor car would have been stopped before open switch was reached, and derailment avoided if brakes on car had been in good condition, *held* for jury.

**12. Trial ⟨⟩335—Findings of jury held to make it impossible to ascertain what amount of judgment was allowed on account of derailment.**

In railroad's employé's action for injuries sustained on two different dates, finding of jury that derailment of motor car was cause of plaintiff's injuries, from which sciatic rheumatism developed, and its findings that injuries of plaintiff received on other date was alone cause of his rheumatism, and its finding that the two injuries each concurred in causing plaintiff to have rheumatism, made it impossible to ascertain what amount of judgment was allowed on account of derailment.

**13. Master and servant ⟨⟩289(1)—Contributory negligence of railroad employé on motor car held for jury.**

In railroad employé's action for injuries when motor car on which he was riding jumped track, question of his contributory negligence *held* for jury.

**14. Damages ⟨⟩208(2)—Evidence held to raise issue as to whether employé's injury, received on another date, was alone the cause of his rheumatism.**

In railroad employé's action for injuries sustained on two different dates, evidence *held* to raise issue whether injury received by employé subsequent to first injury was alone cause of development of his rheumatism.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Action by John Bernnard against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Lassiter, Harrison & Pearson, of Fort Worth, and Tatum & Strong, of Dalhart, for appellant.

Art Schlofman and R. E. Stalcup, both of Dalhart, for appellee.

JACKSON, J. This suit was instituted in the district court of Dallam county, Tex., by John Bernnard, plaintiff, against the Chicago, Rock Island & Gulf Railway Company, defendant, to recover damages for personal injuries alleged to have been received on October 9, 1922, and December 20, 1922.

Plaintiff alleges that the defendant has a lien of railway extending into and through Dallam county, Tex., and on and prior to October 9, 1922, he was an employé of, and en-gaged by, defendant in its water service department with headquarters at Dalhart, Tex., and in the discharge of his duties as such employé he traveled out of, from, and to Dalhart, and performed such service as was required of him in the inspection, installation, and repair in the water service department under the direction of defendant's foreman.

He alleged that on October 9, 1922, acting under the direction of the foreman, and in the regular line of his duties, he, with other employés, got on a motor car with defendant's foreman who was operating said car on its main line for the purpose of proceeding over said line to the station of Chamberlin, Tex., and that, as such motor car was proceeding along the main line, it ran into an open switch connecting with the main line, negligently left open by defendant, which caused the motor car to derail and run for a considerable distance over the cross-ties, by reason of which plaintiff properly alleges injuries. He also alleges that the motor car was being operated by the foreman at a high and dangerous rate of speed; and the negligence of defendant in not having the motor car equipped with proper and safe brakes.

He alleges that about December 20, 1922, while he was still employed by the defendant, the foreman directed him to assist in loading a boiler from a platform onto a car and to place a crowbar under the edge of the boiler to assist in raising it, and while so engaged the defendant negligently caused the end of the boiler to drop, which struck the end of the crowbar, and caused it to strike him on the face and jaw, by which he was knocked down and rendered unconscious, and his face mutilated, and the nerves and muscles thereof injured, and that as a result of the two injuries, each and both, he became afflicted with sciatica which had become permanent, and the last injury aggravated the first injury, and that such acts of negligence of the defendant, each and both, were the proximate cause of plaintiff's injuries, by which he was damaged in the sum of $10,000.

The defendant answered by general demurrer, general denial, pleaded contributory negligence on the part of the plaintiff, in that he had exposed himself to damp, wet, and cold weather, failed and refused to take proper care of himself and to take the treatment prescribed by his physician, which, if he had done, would have caused his complete recovery, and his failure to do so increased his suffering, and such damages as he suffered were due to his own negligence, for which the defendant is not liable.

The defendant also denied that the injuries suffered by the plaintiff were the cause of the sciatic rheumatism, and further pleaded that at the time of the injury on October 9, 1922, the plaintiff had knowledge of and knew of the condition of the brakes on the motor car, and, knowing such facts, got upon and rode

thereon, knowing the condition of the brakes, and assumed the risk, caused by the condition of the brakes on the motor car, as they did not work and stop the car as they would had they been in good condition, and if the brakes had been in good condition the car could have been stopped before it reached the open switch.

The cause was submitted on special issues, and upon the answers of the jury judgment was rendered against defendant, hereinafter called appellant, and in favor of plaintiff, hereinafter called appellee, for the sum of $1,700, with costs, and interest at the rate of 6 per cent. per annum from the date of the judgment.

It is unnecessary to set out all of the issues submitted and the findings of the jury thereon.

Appellant assigns as error the action of the trial court in refusing to give its requested special issue asking the jury to find whether the accident would have been avoided if the brakes on the motor car had been in good condition, for the reason that under the uncontroverted evidence the appellee knew of the condition of the brakes on the motor car and assumed the risk of their defective condition, and, if the jury should have found in favor of appellant on such issue, it would have been entitled to a judgment as to the motor car injury on October 9, 1922.

In response to issues submitted, the jury found that appellant was guilty of negligence in opening and leaving open the switch, and this was the direct and proximate cause of the derailment of the motor car, that the appellee was injured by such derailment, and that such injury caused the plaintiff to have sciatic rheumatism from which he had suffered great pain, had incapacitated him to perform physical labor, and that he was damaged by reason of said sciatic rheumatism, and his injuries were the direct and proximate result of appellant's negligence on said occasion.

The appellee testified that the switch had been left open, which was not discovered until they were close to it, and that he holloed to the foreman, "The switch is open!" who grabbed the brake and applied it, but it did not seem to check the speed of the car a bit. As soon as the car hit the open switch, it jumped the track and went bouncing off on the ties and must have gone 20 feet, and that he was injured in his hip thereby; that he knew that morning when he got on the motor car, and when he left the depot, that the brakes were defective; that he had known them to be defective about two months before that, and knew all about the defect at the time he rode on the car; and that he reported that the defective brakes were the cause of the accident.

The foreman, who was driving the motor car, testified that, if the brakes had been in good condition and working, he could have stopped the car before going into the open switch.

Appellee testified that his duties did not confine him to the town of Dalhart, but that he worked in and out of that city—went down as far as Tucumcari one way, and as far as Liberal the other way—and that he, with others, fixed pumps and kept up wells at places where the trains got water coming from Kansas and going through Dalhart into New Mexico.

The appellee, in his brief, concedes that his services with the defendant were in furtherance of interstate commerce, but by a counter proposition urges that under the Safety Appliance Act of Congress and its amendments assumed risk would be no defense to his cause of action, and that, if the act of Congress does not control, the statutes of Texas would, under this record, prohibit appellant from urging assumed risk as a defense.

[1] That appellee's employment and service were in furtherance of interstate commerce, as urged by appellant and admitted by appellee, is apparently settled. Philadelphia, B. & W. R. R. Co. v. Smith, 250 U. S. 101, 39 S. Ct. 396, 63 L. Ed. 869; Erie R. R. Co. v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790; Atlantic Coastline R. R. Co. v. Williams (C. C. A.) 284 F. 262; Ramsey v. B. & O. R. R. Co., 301 Ill. 169, 133 N. E. 703; Hines v. Burns, 189 Ky. 761, 226 S. W. 109; Yarde v. Hines (Mo. App.) 238 S. W. 151; Lindstrom v. N. Y. Central R. R. Co., 186 App. Div. 429, 174 N. Y. S. 224; Missouri, Kansas & Texas Ry. Co. of Texas v. Rentz (Tex. Civ. App.) 162 S. W. 959; Freeman v. Powell (Tex. Civ. App.) 144 S. W. 1033; C., R. I. & G. Ry. Co. v. De Bord, 109 Tex. 20, 192 S. W. 767; Gulf, C. & S. F. Ry. Co. v. Drennan (Tex. Civ. App.) 204 S. W. 691.

[2] At common law the appellee did not assume the risk or danger arising from the negligence of appellant of which he had no knowledge, but he did assume the risk and danger incident to the negligence of appellant of which he had prior notice, and his testimony that he knew the defective condition of the brakes, with the evidence of the foreman that but for such defective brakes the motor car on which appellee was riding could have been stopped after the open switch was discovered, and the derailment avoided, would, together with the other testimony, if appellee relied on his action at common law, present an issue as to whether the derailment would have been avoided if the brakes on the car had been in good condition, and would have required the submission of such issue to the jury. C., R. I. & G. Ry. Co. v. De Bord, 109 Tex. 20, 192 S. W. 767.

[3] In suits for personal injuries by employés against any person, receiver, or corporation operating a railroad in this state, by statute, the state of Texas has modified and limited the defense of assumed risk as al-

lowed at common law, so it is not available to the railroad company if the basis of the plea is knowledge or means of knowledge by the employé of the defect or danger which caused the injury, except as provided in V. S. C. S. art 6645.

[4] If appellee's case is governed by the Texas law, the court did not commit error in refusing the requested issue, because appellant had notice of the defect. The Texas law, however, could not control if appellant was engaged in interstate commerce, and appellee's service was in furtherance of interstate commerce, because the Congress of the United States has enacted the safety appliance law, which, in all cases involving railroads and their employés engaged in interstate commerce, supersedes the Texas statute.

[5] It will be noted that appellee's pleading does not allege that appellant was an interstate carrier, or that his services were in aid of or in furtherance of interstate commerce. Neither does he allege that his cause of action is founded upon the act of Congress, or that appellant had violated any of the provisions thereof as an interstate carrier. There is nothing in his petition or in the answer of appellant that can be construed by intendment into an averment that the litigants were engaged in interstate commerce at the time the injury occurred.

Section 8660 of the U. S. Compiled Statutes reads:

"In any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employés, such employé shall not be held to have assumed the risk of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé."

Was appellee's cause of action brought against appellant by virtue of any of the provisions of the acts of Congress?

In San Antonio & A. P. Ry. Co. v. Littleton (Tex. Civ. App.) 180 S. W. 1194, the court holds that it is not necessary to plead the federal act, because the courts will take notice of such act without pleading it, citing M., K. & T. Ry. Co. v. Wulf, 226 U. S. 572, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, and says:

"But she would have to plead facts which would bring her within its terms if she sought to recover under that law, such for instance as would show that deceased was engaged in interstate commerce."

In C., R. I. & G. Ry. Co. v. De Bord, supra, the Supreme Court says:

"Where the pleading is sufficient to admit evidence to the effect that the defendant in error in engaged in interstate commerce at the time the injuries were received, or in work so closely related to interstate commerce as neces-

sarily to be a part of it, and where the evidence is sufficient to require the conclusion that the defendant was so engaged, the federal question is sufficiently raised and presented, without a direct allegation being also made setting up the federal Employers' Liability Act. It is not necessary to plead the law, but when the pleading is sufficient to admit the evidence, upon its introduction, the duty of the court arises to apply the law. We, therefore overrule the contention of the defendant in error that the federal question was not sufficiently raised in the trial court to be considered here. The defendant in error himself alleged the facts constituting interstate commerce. Likewise, he testified to such facts."

In Clement v. Gulf, C. & S. F. Ry. Co., 236 S. W. 714, by the Commission of Appeals, the court uses this language:

"This case involved the handling of an interstate shipment, and this suit is governed by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). There is no allegation that the defendant's negligence involved the violation of a federal statute; therefore the defense of assumed risk, as a complete bar to the action, was available to the defendant. This is well settled in a very able opinion of the United States Supreme Court, speaking through Justice Pitney, in the case of Railway Co. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, ·475. In that opinion Justice Pitney also writes most interestingly of the general law of assumed risk."

In St. L., S. F. & T. Ry. Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156, the Supreme Court of the United States says:

"When the evidence was adduced it developed that the real case was not controlled by the state statute but by the federal statute. In short, the case pleaded was not proved and the case proved was not pleaded."

In the case of Toledo, St. L. & W. Ry. Co. v. Slavin, 236 U. S. 454, 35 S. Ct. 306, 59 L. Ed. 671, the court says:

"Neither the plaintiff's complaint nor the defendant's answer contained any reference to the Employers' Liability Act. But, over plaintiff's objection, evidence was admitted which showed that the train on which the plaintiff was riding, at the time of the injury was engaged in interstate commerce."

In this case the railroad company insisted that the federal law controlled, but the trial court holding that the state statutes of Ohio changing the common law as to contributory negligence and assumption of risk governed. Continuing, the court says:

"But a controlling federal question was necessarily involved for, when the plaintiff brought suit on the state statute, the defendant was entitled to disprove liability under the Ohio act, by showing that the injury had been inflicted while Slavin was employed in interstate business. And, if without amendment, the case

proceeded with the proof showing that the right of the plaintiff and the liability of the defendant had to be measured by the federal statute, it was error not to apply and enforce the provisions of that law."

The court then cites and quotes with approval the St. L., S. F. & T. Ry. Co. v. Seale, supra, and the case was reversed and remanded.

In the case of Geer v. St. L., S. F. & T. Ry. Co., 109 Tex. 36, 194 S. W. 939, the Supreme Court of Texas says:

"It is true that the fact of interstate shipment was not alleged by either party to the suit. It has been held, however, by the United States Supreme Court that it need not be pleaded in order for the railway company to avail itself of the Employers' Liability Act, where the evidence requires a finding that the employé was engaged in interstate commerce"—citing, as authority, the two cases by the Supreme Court of the United States last above mentioned.

[6] In order to bring a case under the federal law, the employé, to recover against a carrier engaged in interstate commerce, must allege and prove that the person injured was engaged in such commerce. Borrow v. C., B. & O. Ry. Co., 206 Ill. App. 287; Northern Trust Co. v. Grand Trunk Western R. Co., 207 Ill. App. 11; Wagner v. C., R. I. & P. Ry. Co., 277 Ill. 45, 115 N. E. 201; Norfolk & W. Ry. Co. v. Short's Adm'r, 171 Ky. 647, 188 S. W. 786; Walker v. Iowa Central R. R. Co. (D. C.) 241 F. 395.

In Williams et al. v. Western A. R. Co., 20 Ga. App. 726, 93 S. E. 555, the Court of Appeals of Georgia holds that, if the cause of action was controlled by the federal law, and the petition was drawn under the state act, the case pleaded was not proven, and the case proven was not pleaded.

In Mathews v. Alabama & Great Northern Ry. Co., 200 Ala. 251, 76 So. 17, the Supreme Court of Alabama held that, where the petition for an employé's injury did not state a cause of action, either under the law of Congress or under the state law of Georgia, it would be regarded as asserting a cause of action under the common law.

[7] The testimony shows, as is conceded, that the appellant was engaged in interstate commerce, and appellee's service was in furtherance thereof; therefore the Texas statutes have no application, having been superseded by the acts of Congress.

[8] Appellee did not, by his pleadings, bring his case under the federal law, and appellant's answer does not do so; consequently we conclude that the case pleaded under the Texas statute was not proved, and the case proved, being controlled by the federal law, was not pleaded, and that appellee's right to recover, as revealed by the pleadings in the case, is based on an action at common law.

[9] True, appellee states in his petition that appellant was guilty of negligence in not having the motor car equipped with proper and safe brakes, but such allegation, if not necessary to his common-law action, is as applicable to a violation of articles 6446 and 6448 of Vernon's Sayles' Civil Statutes of the state of Texas as it is to a violation of the federal law, and that it refers to a violation of the law of Texas is the only reasonable deduction, in the absence of any reference in the pleading to facts that would even suggest interstate business or interstate service by either of the litigants.

[10, 11] The state statutes, in personal injury suits by employés against railroads, having been superseded by the federal law, where interstate commerce is involved, appellee's pleadings make a case under the common law under which assumed risk under this record constitutes an issue which should have been submitted to the jury to its determination, and the failure of the court to submit appellant's special requested issue as to whether or not the motor car would have been stopped before the open switch was reached, and the derailment avoided, constitutes reversible error.

[12] The findings of the jury that the derailment of the motor car was the cause of plaintiff's injuries, from which sciatic rheumatism was developed, and its findings that the injury of appellee, received on December 20th, was alone the cause of the development of sciatic rheumatism, and its finding that the two injuries each concurred in causing appellee to have sciatic rheumatism, makes it, not only uncertain, but impossible, to ascertain what amount of the judgment was allowed on account of the derailment.

[13] The court correctly submitted, under the pleading, the issue of contributory negligence, and appellant's assignment thereon is overruled.

[14] Appellant's assignment assailing the insufficiency of the testimony to authorize the submission by the court to the jury as to whether or not the injury received by appellee on December 20th was alone the cause of the development of sciatic rheumatism, it is unnecessary to discuss, as the issue in all probability will not arise again as it is presented in this case; however, without detailing the testimony, we think it was sufficient to raise the issue.

The judgment is reversed, and the cause remanded.