79 So.2d 419 (1955)
John W. MARTIN, as Trustee of the property of Florida East Coast Railway Company, Appellant,
v.
James E. JOHNSTON, Appellee.
Supreme Court of Florida. Special Division A.
April 6, 1955.
Anderson, Scott, McCarthy & Preston, Dwight Sullivan, Miami, and Russell L. Frink, Jacksonville, for appellant.
Nichols, Gaither, Green, Frates & Beckham, William S. Frates, Walter H. Beckham, Jr., and Sam Daniels, Miami, for appellee.
SEBRING, Justice.
This is an appeal from a final judgment entered in favor of the plaintiff in a personal injury action for damages arising out of an accident which occurred at a country railroad crossing when the track motor-car of the railroad company which the plaintiff was operating was derailed after running into some dirt and rocks which had been pushed onto the rails by a county road scraper.
The accident was caused by the failure of the hand brakes on the car to respond when the plaintiff attempted to apply them as the car approached the place where the dirt and rocks lay on the tracks; and the cause of action of the plaintiff is predicated not on negligence but on the failure of the railroad company to comply with the provision of the Federal Safety Appliance Act which requires that "all cars must be equipped with * * * efficient hand brakes." 45 U.S.C.A. § 11. The sole question on the appeal is whether or not a track motor-car used by railroad maintenance employees, when not attached to a train or used as part of a train movement, comes within the provisions of the Federal Safety Appliance Act.
The sections of the Act bearing on the point are, in substance, as follows:

Section 11. "Safety appliances required for each car * * *. It shall be unlawful * * * to haul, or permit to be hauled or used * * * any car subject to the provisions of [sections 11-16] not equipped with appliances provided for in [sections 11-16 of this title], to wit: All cars must be equipped with secure sill steps and efficient hand brakes * * *." 36 Stat. 298.

Section 16. "The provisions of sections 11-16 of this title, as to the equipment of cars with the designated safety appliances apply to every common carrier and every vehicle subject to * * sections 1-10 of this title."

Section 8. "Provisions of certain sections extended * * * the provisions *420 and requirements relating to train brakes, automatic couplers [etc.] shall be held to apply to all trains, locomotives, tenders, cars, and similar vehicles used on any railroad engaged in interstate commerce [with stated exceptions not here applicable]."
We find nothing in the statutes or the reported decisions to indicate an intention that in the enactment of the above quoted statutes the Congress intended that the word "car" should be used in a narrow, rather than in a broad, sense. As was said by the Supreme Court of the United States in Johnson v. Southern Pacific Co., 196 U.S. 1, 25 S.Ct. 158, 161, 49 L.Ed. 363, soon after the enactment of the law, "manifestly the word `car' was used in its generic sense. There is nothing to indicate that any particular kind of car was meant. Tested by context, subject matter and object, `any car' meant all kinds of cars running on the rails * * *. And this view is supported by the dictionary definitions and by many judicial decisions, some of them having been rendered in construction of this act." Accord Schlemmer v. Buffalo, R. & P.R. Co., 205 U.S. 1, 27 S.Ct. 407, 51 L.Ed. 681; cf. Dougall v. Spokane, P. & S. Ry. Co., 9 Cir., 207 F.2d 843, and Chicago, R.I. & G.R. Co. v. Bernnard, Tex.Civ.App., 275 S.W. 505, with specific reference to motor cars used in maintenance-of-way work.
While the appellant, in its brief, appears to recognize the propriety of a decision holding that a "push-car," a vehicle of the same general class as the motor-car involved in the instant case but not powered with a gasoline engine, is a "car" within the provisions of the statute requiring cars to be equipped with automatic couplers; but it attempts to escape the force of the decision by contending that by the language used in its opinion the court indicated that the vehicle was held to come within the provisions of the act only because at the time of the accident it was attached to a locomotive engaged in a switching operation and consequently was a part of a train movement. See Hoffman v. New York, N.H. & H.R. Co., 2 Cir., 74 F.2d 227.
If the present case were one involving the prohibition of section 2 of the Act against the use of "any car * * * not equipped with couplers coupling automatically," an automatic coupler being a device of no possible utility except when a car is used in connection with other cars or as a part of a train movement, there might be some force to the contention advanced by the appellant. But what is involved here is a motor-car designed to be operated independently on the railroad tracks under its own power; and it cannot be logically argued that the use to which the vehicle was being put at the time of an accident, that is, whether being operated independently or as one of the cars in a train movement, can have any real bearing upon the plain statutory requirement and practical necessity for efficient hand brakes. Neither the Hoffman case, nor any other case to which we have been referred by the parties, will warrant the imposition of such an exception by interpolation, when the language of the statute, and the salutary purpose to be served by its enactment, are so plain.
There being as much reason for requiring the motor-car in question to be equipped with efficient handbrakes, to insure its safe operation when propelled under its own power, as there is for the requirement that such a car be equipped with automatic couplers, where it is to be used in connection with a train movement, we have the view that the Safety Appliance Acts are applicable and that we are not authorized to depart from the literal terms of the statute.
The judgment appealed from is affirmed.
MATHEWS, C.J., TERRELL, J., and KANNER, Associate Justice, concur.