CHICAGO, R. I. & G. RY. CO. v. DE BORD.
(No. 2461.)

(Supreme Court of Texas.   March 7, 1917.)

1. COMMERCE ⊜8(6)—RAILROADS—INJURY TO
SERVANT—ASSUMPTION OF RISK.
   Where a brakeman was injured while en-
gaged in interstate commerce, and both employ-
er and employé knew of the danger, the case
was governed by common-law doctrine of as-
sumption of risk, and not by Vernon's Sayles'
Ann. Civ. St. 1914, art. 6645, abolishing this
defense where the employer knew of the danger.

2. MASTER AND SERVANT ⊜217(1) — LIABIL-
ITY FOR SERVANT'S INJURY — ASSUMPTION
OF RISK—COMMON-LAW DOCTRINE.
   Under the common law, employé in a negli-
gence suit does not assume any risks arising
from employer's negligence of which he had no
knowledge, but does assume such| risks of
which he has knowledge.
   [Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. § 574.]

3. COMMERCE ⊜27(5)—FEDERAL EMPLOYERS'
LIABILITY ACT—NATURE OF EMPLOYMENT.
   Where plaintiff brakeman was assisting in
placing coal car upon elevated tracks leading to
employer's coal chutes when injured, he was
then engaged in interstate commerce, or in work
closely related to interstate commerce, and his
action was one triable under the federal Employ-
ers' Liability Act April 22, 1908, c. 149, 35
Stat. 65 (U. S. Comp. St. 1913, §§ 8657–8665).

4. COMMERCE ⊜8(6) — REGULATION — EXER-
CISE OF POWER BY CONGRESS.
   Federal Employers' Liability Act, § 4 (U.
S. Comp. St. 1913, § 8660), eliminating assump-
tion of risk defense, where injury was caused
by or contributed to by employer's violation of
any statute enacted for employé's safety, ex-
cludes state legislation on the same subject.

5. COMMERCE ⊜8(1) — REGULATION — EXER-
CISE OF POWER BY CONGRESS.
   Where a federal law has occupied the field
on a question of interstate commerce, all state
laws relating thereto must yield.
   [Ed. Note.—For other cases, see Commerce,
Cent. Dig. § 5.]

6. MASTER AND SERVANT ⊜204(2)—FEDERAL
EMPLOYERS' LIABILITY ACT—CONSTRUCTION
—ASSUMPTION OF RISK.
   Federal Employers' Liability Act, § 4, elimi-
nating assumption of risk defense where the in-
jury was caused by or contributed to by em-
ployer's violation of a statute enacted for em-
ployé's safety, indicates legislative intent that
in all other cases such defense shall have its
common-law effect as a complete bar to the ac-
tion.
   [Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. § 545.]

7. APPEAL AND ERROR ⊜882(12) — INVITED
ERROR—REQUESTS TO CHARGE.
   Special requests to charge on doctrine of as-
sumption of risk held not to invite the court to
charge the subject of assumed risk under state
law instead of federal law, so as to waive the
right to object to court's charge and to have
case tried under federal doctrine.
   [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3602.]

8. APPEAL AND ERROR ⊜882(12).—INVITED
ERROR—REQUEST TO CHARGE.
   Where a party requests a special charge and
the court refuses it, but gives the same proposi-
tion in its main charge, the one offering the

special charge cannot complain of error thereby
induced.
   [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3602.]

9. APPEAL AND ERROR ⊜750(6)—REVIEW OF
FEDERAL QUESTION.
   Where defendant in personal injury case
alleged and testified to facts constituting in-
terstate commerce, and assigned error on court's
refusal to give special charge on assumption of
risk under federal doctrine, held that the federal
question was sufficiently raised, without direct
allegation setting up federal Employers' Lia-
bility Act, to warrant its review on appeal.
   [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3078.]

Error to Court of Civil Appeals of Seventh
Supreme Judicial District.

Action by Rolla De Bord against the Chica-
go, Rock Island & Gulf Railway Company.
Judgment for plaintiff, and defendant ap-
pealed to the Court of Civil Appeals (146 S.
W. 667), which · affirmed the judgment, and
defendant brings error.   Reversed and re-
manded.

Hiram Glass, of Austin, N. H. Lassiter and
Robt. Harrison, both of Ft. Worth, and Tur-
ner & Wharton, of Amarillo, for plaintiff in
error.   Williams & Stedman, of Austin, and
C. B. Reeder and J. B. Dooley, both of
Amarillo, for defendant in error.

YANTIS, J.   The defendant in error, Rolla
De Bord, recovered a judgment for personal
injuries in the district court of Potter county,
Tex., against the Chicago, Rock Island & Gulf
Railway Company, plaintiff in error.   He al-
leged that on December 23, 1908, he was in
the employ of the plaintiff in error as a
brakeman, running and working upon its
freight trains operated between Amarillo,
in Potter county, Tex., and Sayre, Okl., and
on said date, in the town of McLean, Tex.,
while in the performance of his duties in
the course of his employment, and while at-
tempting to place a car of coal upon an
elevated track leading to defendant's coal
chutes at said place he was seriously and
permanently injured by the negligence of the
defendant, its agents and servants.   His
petition contained two specific grounds of
negligence, one of which was to the effect
that the plaintiff in error had erected its
coal chutes at McLean, Tex., along the line
of its main track, and which were designed
to be used in coaling engines by emptying
coal placed in said chutes directly into the
coal bins upon the tenders of its engines by
means of trapdoors, and that said coal chutes
and track leading thereto were negligently
constructed in that said track and coal bins
were in such close proximity to each other
that there was no room between the sides
of said cars and the engines and tenders upon
such tracks, and the sides of the coal bins
for the safe passage between them of the
body of a person riding upon the sides of
such cars or tenders and engines, where it

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was necessary to ride and be stationed to uncouple and hold the car, in placing such car in position for being unloaded upon such coal chutes. The other specific ground of negligence alleged was that the engineer, who was operating the engine while the plaintiff was upon the side of the tender where he was ordered by the conductor to be, assisting in the work within the scope of his employment, refused to obey a stop signal which defendant in error gave, and recklessly and negligently permitted the continued movement of said car of coal and the tender and engine, so that the car was propelled and pushed much farther along the track of said coal chutes than it should have been, and beyond the proper place for stopping the same, and caused the injuries complained of. The judgment in favor of the defendant in error was affirmed by the Court of Civil Appeals, 146 S. W. 667. This court granted a writ of error on the petition of the plaintiff in error.

[1] Complaint is made by the plaintiff in error that the jury was misdirected in paragraph 8 of the court's charge, which paragraph is as follows:

"When the plaintiff entered the employment of the defendant company as a brakeman, he assumed all the risks ordinarily incident to that particular position, and he also assumed the risks which were known to him, or that he should discover in the proper discharge of his duties as brakeman. But the plaintiff did not assume any risks or dangers caused by the negligence of the defendant. Now, therefore, if you believe from the evidence that plaintiff was injured as alleged by him, and that such injury was one that resulted directly and proximately from the risk which was ordinarily incident to the employment plaintiff was engaged in, or was a risk which was known to the plaintiff, or that he should have discovered, in the exercise of ordinary care, in the discharge of his said duties, and that the same was not caused by the negligence of the defendant, then you will find for the defendant and return your verdict accordingly."

[2] The criticism made by the plaintiff in error is in that portion of the charge which directs the jury, "but the plaintiff did not assume any risks or dangers caused by the negligence of the defendant." The rule is too well settled to require the citation of authorities that under the common-law doctrine of assumed risk the plaintiff in a negligence suit does not assume any risks or dangers arising from the negligence of the defendant of which he has no knowledge; but it is equally well settled that at common law the plaintiff does assume the risks and dangers caused by the negligence of which he did have prior knowledge. There was evidence introduced to the effect that the plaintiff in this case had actual knowledge, long prior to the accident, of the alleged negligent construction of the coal bins and track. It follows that if the case is to be governed by the common-law doctrine of assumed risk, the charge was erroneous, for the reason that under the common-law doctrine the defendant in error did assume the

risks and dangers arising from the negligence of the defendant of which he had knowledge, while the court's charge was quite to the reverse.

[3, 4] If the case is one to be tried under the state law the court's charge was not erroneous, for the reason that the undisputed evidence shows that the defendant in error's employer had knowledge of the defect in construction, and where this is true, under article 6645, Vernon's Sayles' Texas Civil Statutes, assumed risk is not a defense. We are of opinion that the common-law doctrine of assumed risk controls, and that the state statute on the subject should not be given effect. Under the pleadings of the defendant in error, sustained by his evidence, at the time of his injury he was engaged in interstate commerce, or in work so closely related to interstate commerce as to be practically a part of it. This being true, the case is one to be tried under the act of Congress known as the federal Employers' Liability Act. Section 4 of said act provides that in any action brought by an employé he—

"shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé."

[5, 6] It is clear to us that by this act Congress occupied the field of assumed risk, and that such law would govern in this case to the exclusion of the rule announced by the Texas statutes to be applied in cases of assumed risk. The rule that a state law must yield when a federal law has occupied the field on a question of interstate commerce is universally recognized, and of its correctness there can be no question; the federal Constitution having authorized Congress to act. It has been held by the United States Supreme Court that the common-law doctrine of assumed risk applies in cases where the employé at the time of the injury is engaged in interstate transportation, or in work so closely related to it as to be practically a part of it. Shanks v. Delaware, Lack. & West. Ry., 239 U. S. 556–558, 36 Sup. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797, and cases cited. The United States Supreme Court in the case of Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, in discussing the federal Employers' Liability Act, said:

"It seems to us that section 4, in eliminating the defense of assumption of risk in the cases indicated, quite plainly evidences the legislative intent that in all other cases such assumption shall have its former effect as a complete bar to the action."

There was no evidence that the plaintiff in error had violated any statute enacted for the safety of employés, and hence the doctrine of assumed risk, under the act of Congress, constitutes a complete bar, so far as that ground of negligence is concerned, which alleges the negligent construction of the coal

chute bins and the track, if the evidence was conclusive that the defendant in error had actual prior knowledge of such defect in construction. Of course, it does not bar a recovery in favor of the defendant in error on the other ground of negligence alleged.

We think the court's charge was affirmatively erroneous and subject to the criticism leveled against it. The error is accentuated in the fact that the plaintiff in error requested by its special charge No. 6 that if the defendant in error knew of such defects in construction, the jury should find on such issue for the plaintiff in error, which charge was refused.

[7] But it is insisted by able counsel for the defendant in error that the plaintiff in error waived the right to have the case tried under the common-law doctrine of assumed risk, as provided in section 4 of the federal Employers' Liability Act, and invited the court to try the question of assumed risk under the Texas statute governing that subject. This contention rests on a portion of the plaintiff in error's special charge No. 5, which is on the subject of assumed risk, and which instructs the jury that if they believe the injury to plaintiff was the result of the dangerous proximity of the coal chutes, bins, and tracks to each other, "and if you further find and believe from the evidence that a person of ordinary prudence, under same or similar circumstances, would not have continued in the service with the knowledge, if any, of such defect, risk, or danger, if any, then your verdict will be for the defendant, Chicago, Rock Island & Gulf Railway Company," which language quoted is very similar to, and probably extracted in the main from, one subdivision of the article of our state statute on the subject of assumed risk.

The contention is further based upon the fact that several special charges were requested by the plaintiff in error on the subject of contributory negligence, each of which made contributory negligence a complete defense, which was the state law at the time the injuries were inflicted upon the plaintiff, whereas the federal Employers' Liability Act did not constitute contributory negligence a complete defense, but only that it might be ground for the jury to reduce the amount of the recovery.

[8] We do not think any of these special charges should be held as inviting the trial court to charge the state law on assumed risk, instead of the federal law. It is true that where a party to a suit requests a special charge and the court refuses it, but in its main charge gives the same proposition of law that was employed in the refused requested charge, there can be no complaint by the one offering the special charge, for the reason that the trial court is presumed to have adopted the proposition suggested, and the party making the request would be estopped from complaining. M., K. & T. Ry. Co. v. Eyer, 96 Tex. 74, 70 S. W. 529; I. & G. N. Ry. Co. v. Sein, 89 Tex. 66, 33 S. W. 215, 558. We do not think the court's charge complained of adopted the proposition of law requested in any of the special charges. Upon the contrary, the court's charge on assumed risk, as herein quoted, is not an attempt to adopt the state law on the question of assumed risk, but is an attempt to charge the common law instead.

[9] Where the pleading is sufficient to admit evidence to the effect that the defendant in error is engaged in interstate commerce at the time the injuries were received, or in work so closely related to interstate commerce as necessarily to be a part of it, and where the evidence is sufficient to require the conclusion that the defendant was so engaged, the federal question is sufficiently raised and presented, without a direct allegation being also made setting up the federal Employers' Liability Act. It is not necessary to plead the law, but when the pleading is sufficient to admit the evidence, upon its introduction, the duty of the court arises to apply the law. We, therefore, overrule the contention of the defendant in error that the federal question was not sufficiently raised in the trial court to be considered here. The defendant in error himself alleged the facts constituting interstate commerce. Likewise, he testified to such facts. The plaintiff in error requested a special charge on the question of assumed risk which applied the common-law doctrine, which is the rule of law fixed by section 4 of said act. It assigned error in the trial court on the refusal to give said charge, and preserved said assignment throughout the appeal. We cannot concur with the view, upon this question, of the defendant in error. The question has been decided by the United States Supreme Court adversely to the contention of the defendant in error. Osborne v. Gray, 241 U. S. 19, 36 Sup. Ct. 486, 60 L. Ed. 865; Cincinnati, N. O. & T. P. Ry. Co. v. Tucker, 168 Ky. 144, 181 S. W. 942, and cases there cited.

We do not deem it necessary to pass on the questions not covered by our views herein stated, as they will not likely arise upon another trial.

The judgments of the district court and of the Court of Civil Appeals are reversed, and the cause remanded to the district court.