## MORAN v. MIDLAND FARMS CO. et al.*
### (No. 1797.)

(Court of Civil Appeals of Texas. El Paso. Feb. 18, 1926.)

1. **Appeal and error ⚖➝80(6)—Judgment enjoining plaintiff from seeking to establish lien against lands and canceling his pendens notices held final and appealable.**

In action for money demand and to foreclose alleged lien securing it, judgment in favor of intervener, enjoining plaintiff from further seeking to establish lien and canceling lis pendens notices, *held* final and appealable.

2. **Appeal and error ⚖➝80(6)—Trial ⚖➝3.**

Separate trials of distinct issues may be had with separate judgments appealable separately.

3. **Appeal and error ⚖➝80(6).**

Where suit against original defendants was continued for term, judgment completely and finally disposing of intervention will be treated as severed, and therefore appealable.

4. **Continuance ⚖➝54.**

Exceptions to refusal of continuance for term *held* not waived because plaintiff, when given option of continuance for two days, chose to go to trial at once.

5. **Continuance ⚖➝50—Refusal of term continuance, where intervention raising issues of fact was served four days before end of term, held error.**

Where intervention raising issues of fact was served four days before end of term, refusal of term continuance, and requiring plaintiff over protest to answer intervention and proceed to final hearing and judgment, *held* error.

6. **Injunction ⚖➝26(1)—Enjoining plaintiff suing on money demand and asserting alleged lien held unauthorized.**

Though bill of peace may be entertained to grant relief against vexations and recurring litigation and enjoin prosecution of multiplicity of suits, injunction against suing on money demand and foreclosing alleged lien securing it is unauthorized, however lacking in merit suit may appear, and notwithstanding inconvenience caused.

7. **Lis pendens ⚖➝20—Cancellation by court of lis pendens notices prior to enactment of act authorizing such cancellation held error (Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 6840; Acts 39th Leg. [1925] c. 145).**

In suit upon money demand and to foreclose alleged lien, where judgment on petition in intervention attempted to enjoin enforcement of lien, cancellation by court of lis pendens notices filed under Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 6840, *held* not authorized, where Acts 39th Leg. (1925) c. 145, had not yet been enacted.

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

See, also, 282 S. W. 612.

Grisham Bros., of Eastland, and Harper & Howard, of El Paso, for appellant.

Birge Holt, of Barstow, and Whitaker & Peticolas, of El Paso, for appellees.

HIGGINS, J. Moran filed suit on January 10, 1925, in the district court of Midland county, against the Midland Farms Company, Oscar J. Francis, trustee and in person, Edward Morris, trustee and in person, his heirs and the heirs of his heirs, John P. Wilson, trustee and in person, Augusta Rothchild and her husband, Maurice L. Rothchild, Ira N. Morris, Maude Morris Schwab and her husband, Henry C. Schwab, Oscar W. Kerr and wife, Minnie Kerr, D. Fasken, Donald S. Trumbull, T. C. Kimber, and W. Harvey.

Succinctly stated, the material facts alleged in the plaintiff's petition are as follows:

That he is a real estate agent, and defendants Edward Morris, Augusta Rothchild, Maurice L. Rothchild, Ira N. Morris, Maude Morris Schwab, and Henry C. Schwab were the owners of about 223,000 acres of land in Midland, Ector, Andrews, and Martin counties, Tex., known as the C Ranch, and on April 15, 1911, the last-named parties conveyed the same in trust to Edward Morris and John P. Wilson, trustee, with full power to sell and convey, which land is described in deed from said trustees to O. W. Kerr, dated July 1, 1913, filed for record July 14, 1913, and duly recorded in the deed records of Midland county in Book 22, page 217. "Said sale (evidently referring to the conveyance to Kerr) was made for a consideration of $1,431,701.61." Prior to said sale, the owners listed the land for sale with plaintiff at $6.50 per acre, first orally and then in writing, agreeing to pay a commission of 5 per cent. On or about July 1, 1913, plaintiff procured Kerr as a purchaser, and the said sale and conveyance to Kerr was effected as above shown, wherefore the defendants became liable for a 5 per cent. commission upon the entire consideration, or $72,475, with interest. Further allegations were made as follows: Defendant Kimber was the immigration agent of the Gould Railways, interested as such agent and in behalf of the Texas & Pacific Railway in settling the lands adjacent to such railway, and procured from plaintiff a description of the land, which he showed to Kerr. Plaintiff showed the land to Kerr, and the activities of plaintiff initiated through Kimber brought about the sale to Kerr, or the O. W. Kerr Company. The remainder of the petition is exceedingly

long and involved, but, as we understand the same, it amounts to this: The purchaser, Kerr, was acting for the defendant D. Fasken, who furnished the money; Fasken, Fasken's agent Harvey, Kimber, Francis, and the other defendants entered into a conspiracy to defraud plaintiff of his commission; Harvey collected the commission for the benefit of his principal, Fasken; on July 1, 1913, Kerr executed his note for $75,000 due in one year to the owners of the land, and executed a deed of trust on the land to secure said note to Oscar J. Francis, trustee, which was filed for record July 15, 1913, and recorded in Midland county; that this transaction was in "secret trust" for the plaintiff and to protect the owners of the land against plaintiff's claim for commission and was for his benefit, and such deed of trust was a lien upon the land for his benefit; that the defendants had fraudulently concealed from plaintiff the facts concerning the transaction, and he was not able to learn until October 1, 1924, that the note and deed of trust was for his benefit; that the deed of trust had been fraudulently released on February 4, 1916, and such release fraudulently withheld from record until January 22, 1921. Just what connection the defendant Midland Farms Company has with the land is not clearly disclosed by the petition.

The prayer was for judgment on the $75,000 note and foreclosure of the above-mentioned deed of trust, and "for a personal judgment against T. C. Kimber, D. Fasken, O. W. Kerr, and W. Harvey, for their malicious and unwarrantable interference with plaintiff in his business of collection of his commission," and general relief.

According to the fiat of the judge indorsed thereon, there was presented to him on February 17, 1925, a petition by the C Ranch Cotton Lands Company, which he ordered filed and directed the issuance of notice to Moran directing him to appear before the court at 10 o'clock a. m., on February 18, 1925, and show cause why the petition should not be granted. This notice was served upon Moran at 10 o'clock a. m. on February 17th.

This petition of the C Ranch Cotton Lands Company (hereinafter referred to as intervener or the C Company) was in the form of an intervention in Moran's suit. In brief, its material allegations are: The Midland Farms Company (hereinafter called Midland Company) is the owner of the land described in Moran's suit. On March 31, 1924, intervener and the Midland Company entered into a contract by which the former undertook to find purchasers for said land at certain prices and upon certain terms; intervener to be entitled to a certain portion of the prices paid. The contract required intervener to sell 400 quarter sections, and if it failed to do so the Midland Company had the option to cancel the contract and retain all of intervener's equity in deferred payments. That

it had purchased two half sections of the land, known as the townsite of Fasken, for $32,000, to be paid on or before April 1, 1927. That it was to sell the lots and blocks therein and deposit the purchase-money notes as collateral to secure its obligation of $32,000. Certain modifications of the above contracts. were pleaded relating to extension of time of performance by intervener. That it had expended large sums in the performance of its contracts, and upon account of the favorable seasons there was then a great demand for said lands at good prices. That plaintiff's suit had been filed for the purpose of clouding the title to said lands and preventing the sale thereof and declaring upon a fictitious lien and forcing a settlement. That plaintiff could not maintain his suit because it was barred by limitation. That for the purpose of further clouding the title to said lands and preventing sale thereof, the plaintiff had filed lis pendens notices of said suit in Midland, Andrews, Martin, and Ector counties. Unless the cloud upon the title to the land was removed, intervener would suffer irreparable damage, because nobody would buy the lands and intervener would be unable to carry out its contracts and sustain heavy losses incapable of exact ascertainment, and the plaintiff was financially unable to respond in damages. That the Midland Company was willing to give bond for the payment of any sum which might be awarded against it, provided the court would enter the necessary orders removing the clouds from the title and canceling the lis pendens notices. That intervener has no adequate remedy at law.

The prayer was for permission to intervene, that the petition be set for hearing and the plaintiff notified thereof, and "on hearing hereof Midland Farms Company be authorized and permitted to file a good and sufficient bond indemnifying plaintiff against any judgment he may recover against it on the cause of action alleged in his petition; that he be enjoined from seeking to fix or establish a lien against said lands; that the lis pendens notice of record in Midland, Martin, Andrews, and Ector counties, Tex., be canceled"; and for costs and general relief.

The Midland Company filed a brief pleading joining the C Company in its application and tendering bond.

On February 18th, the plaintiff answered the plea in intervention. The answer consisted of general and special exceptions and general denial. On the same date the plaintiff filed a motion for continuance of the petition in intervention, which was overruled.

The following judgment was then entered:

"This day, February 18, 1925, came on to be heard the petition in intervention and for injunction and motion to cancel lis pendens notice presented and filed herein by intervener, C Ranch Cotton Lands Company, a corporation, and thereupon came the plaintiff by attorney,

defendant Midland Farms Company by attorney, and intervener C. Ranch Cotton Lands Company. And it appearing to the court that heretofore, to wit, on or about the 2d day of February, A. D. 1925, defendant Midland Farms Company filed a motion to quash citation served upon it in this cause, and thereafter this cause was continued for the term by agreement between plaintiff and defendant Midland Farms Company in order to permit plaintiff to perfect service on the other defendants in this cause; and it further appearing to the court that on this day defendant Midland Farms Company filed an answer to the ·petition in intervention of intervener adopting intervener's petition and motion in all things, and offers to make and file a bond herein with good and sufficient sureties payable to the plaintiff, binding it to pay plaintiff such judgment, if any, as shall be awarded to plaintiff by this court, the Court of Civil Appeals, or the Supreme Court, as the case may be, on the final hearing of this cause; thereupon plaintiff, by attorney, presented a motion for continuance, which, having been considered, was and now here is by the court overruled, to which action of the court in overruling said motion for continuance plaintiff then and there excepted, whereupon plaintiff by his attorney presented to the court his general demurrer and special exceptions to intervener's petition and motion which, having been considered by the court, were, and hereby are, in all things overruled, to which plaintiff then and there excepted.

"Thereupon the petition for intervention, injunction and motion to cancel lis pendens notice, together with the answers of plaintiff and defendant Midland Farms Company, were presented to the court, all parties agreeing that same might be heard and passed· upon by the court upon petition and answers, without the introduction of evidence. The same having been considered by the court, it is ordered, adjudged, and decreed by the court:

"(a) That said petition of intervener be ordered filed with the clerk of this court.

"(b) The said petition for injunction and motion to cancel lis pendens notice be in all things granted, upon the tender by the Midland Farms Company and filing herein of a bond in the sum of $150,000, to be executed by Midland Farms Company, with good and sufficient sureties to be approved by the court, payable to plaintiff, conditioned that in case the judgment of this court, the Court of Civil Appeals, or the Supreme Court, on final hearing of this cause, be against the defendant Midland Farms Company, it will perform said judgment, sentence, or decree and pay all such amounts as this court may award against it.

"(c) The defendant Midland Farms Company having tendered to the court such bond in said amount with the sureties thereof as approved by the court, it is further ordered, adjudged, and decreed by the court that such bond be and same is hereby approved and ordered filed with the clerk of this court.

"(d) That the plaintiff be and hereby is enjoined from further seeking to fix or establish a lien against any of the lands described by him in his original petition; that the lis pendens notice of record in Midland, Martin, Andrews, and Ector counties, Tex., against said lands, be and same is hereby canceled, and held for naught."

From the above judgment Moran appeals. The record was filed in this court on March 14, 1925.

The appellees C Company and Midland Company move to dismiss the appeal because: (1) It is from an order granting a temporary injunction, and this court has not acquired jurisdiction, because the transcript was not filed in this court within 20 days after the date of the judgment as is required by law in such appeals. (2) The appeal bond is not payable to both of the appellees. (3) If the appeal is not from an order granting a temporary injunction, then the judgment is not final, because it does not dispose of all the parties to the suit and the issues presented.

The second ground of the motion is not well taken. If it were, an amendment of the bond would be permitted as the statute requires.

[1] The insistence that this judgment is a mere order granting a temporary injunction is untenable. The prayer of the intervener is quoted above. It asks for no temporary order, but is that upon the hearing of the petition the plaintiff be enjoined from seeking to fix or establish a lien against the land. In paragraph (b) of the judgment the petition for injunction is in all things granted. In paragraph (d) the .plaintiff "is enjoined from further seeking to fix or establish a lien against any of the lands." These provisions of the judgment, which constitute its. injunctive feature, have no resemblance to being temporary in nature. Again, if this order was for a temporary injunction, why was a bond not fixed and required to be given by the C Company as the law requires in such cases? There is no such requirement as to the C Company and no bond given by it. Furthermore, the cancellation of the lis pendens notices is in no wise injunctive. This hearing and judgment was at a regular term of the district court of Midland county, when the court had authority to render judgment permanently enjoining. The injunctive feature of the judgment is plainly of that nature. The feature relating to the cancellation of the lis pendens notices is final. The first ground of the motion is untenable.

[2, 3] As to the third ground, it is true that with certain statutory exceptions, which have no present application, an appeal can only be prosecuted from a judgment which, expressly or by necessary implication, finally disposes of all parties and issues in the suit. However, where there are several and distinct issues as between the parties to a suit, a severance may be had, separate trials had, and separate judgments entered from which separate appeals may be prosecuted. Boone v. Hulsey, 9 S. W. 531, 71 Tex. 176. The intervention herein was in effect an independent action by the C Company against Moran. It could have been prosecuted in a separate action, and if such had been the procedure

and judgment rendered as was rendered finally and permanently granting the C Company all of the relief it sought, there can be no doubt that Moran could have appealed therefrom. There was no formal order of severance, but the judgment upon its face shows that Moran's suit against the original defendants had been continued for the term. Notwithstanding this continuance, the intervention was taken up and judgment rendered completely and finally disposing of the intervention. Under these circumstances, we have no doubt the intervention "should be treated as severed and as admitting of more than one final judgment" for the purpose of an appeal. Boone v. Hulsey, supra; Waters-Pierce Oil Co. v. State, 106 S. W. 326, 107 Tex. 1; Hermann v. Likens, 39 S. W. 282, 90 Tex. 451.

The motion to dismiss is therefore overruled.

[4] On the date of the hearing the appellant filed a motion for continuance, which reads:

"Comes now the plaintiff on this February 18, 1925, and moves the court to continue the hearing for the 'petition for injunction and to cancel lis pendens notice,' as filed in this cause February 17, 1925, for the following reasons:

"(1) Same is a petition for intervention filed by the C Ranch Cotton Lands Company, who hitherto has not been made a party to said action, and whose interest, if any it has, in the subject-matter of the litigation, will involve extensive investigation.

"(2) In this connection plaintiff would show that this case was filed in this court on January 13, 1925, and service was not perfected on all the defendants for this term of court, and that said action was marked on the docket as continued by agreement, on February 3, 1925, the same being on the appearance day of this court; that service was perfected only on Midland Farms Company. Since said entry on the docket plaintiff has received no notice of any dissatisfaction therewith, and none of the defendants are before this court at this time.

"(3) Plaintiff's counsel reside in Eastland county, Tex., and while in route to El Paso, to argue a case set down for submission on the 19th inst., stopped at the Llano Hotel in Midland, and at about 10 a. m. on the 17th his client, plaintiff herein, was served with the petition for intervention in question, and which appeared a setting for hearing by this honorable court for the 18th inst.

"Plaintiff on previous engagements is out of Midland county, and cannot attend this hearing, and his testimony is material on this hearing.

"The petition tenders issues of fact that should not be summarily disposed of in this sort of a hearing and on this sort of notice, same being less than 24 hours; that plaintiff has not prepared to meet such issues as tendered on so short a notice, and it would work a great hardship on plaintiff to try out such issues without his evidence, documentary and otherwise, with a stranger to the suit upon such short notice. Said issues in several questions are jury questions, and if same are tried, and when tried, plaintiff demands a jury.

"(5) Plaintiff believes, from the allegations of said petition for intervention, that same is simulated, that same is inspired by the Midland Farms Company, and that the real defendant is seeking to do indirectly what it cannot do directly, and to effect an adjudication of the real issues as relates to notice and limitations in the main action, and to do so in the name of this purported intervener, but it will take time for plaintiff to procure proof of such matters.

"Plaintiff believes the petitioner had nothing of record showing any right in any of the lands at the date of the institution of this suit, and it will take time to have the records of the four counties examined and properly certified with reference to such matters and to procure necessary certified copies or to take depositions in the absence of any records of such matters.

"(6) Plaintiff would further show that he is entitled to a citation on such an action as this, and to time in which to prepare for a hearing on the issues, and that this procedure is not 'due process of law' not authorized under our Constitutions and laws as relates to procedure, and that this case as relates to this petition should be continued for the term along with the main case and not tried in piecemeal; all parties not being before the court.

"Wherefore, plaintiff prays that said cause as relates to this petition for intervention be continued.

"This is his first and only application for continuance, and same is not for delay, but that justice may be done."

The bill of exception to the overruling of the motion is thus qualified:

"This bill approved with this explanation: Mr. Moran's attorney lives at Eastland, Mr. Grisham was in Midland when the petition was offered, so hearing was set for the following day. Because Mr. Grisham was in town thereafter, and on the same day, the court communicated with Mr. Grisham he would set the hearing for Friday 21st, if he preferred, and he (Grisham) stated he preferred to-day to any day during this term which ends February 21st, 1925. Grisham insisted, however, on a continuance for the term."

The only reply made by appellees to the assignment complaining of the overruling of the motion is based upon the qualification to the bill, and is as follows:

"Plaintiff cannot complain of overruling his motion for continuance where he, when the court offered to give him further time, announced that he would prefer to go to trial at once, as was done in this instance."

The qualification does not support the reply made. It shows that the attorney for plaintiff insisted upon a continuance for the term. It merely shows that the attorney was given the choice of a hearing at that term on the 18th or the 21st, as between these two dates he chose the former. The qualification does not show a waiver of the insistence of a continuance for the term.

[5] Waiving consideration of the question of the authority of the court by summary process upon 24 hours' notice to require the

plaintiff over protest to answer the intervention and proceed to final hearing and judgment, we are of the opinion the motion for continuance should have been granted. The plaintiff had the right to time to meet and defend against the issues of fact presented by the intervention and which he was so suddenly called upon to answer.

We are of the further opinion that the court erred in overruling the plaintiff's general and special exceptions to the intervention. There are two phases to the petition.

[6] The first seeks to enjoin the plaintiff "from seeking to fix or establish a lien against said lands," and the judgment so enjoins him. There is no doubt of the authority of a court of equity to entertain a bill of peace and grant relief against a party who persists in vexations and recurring litigation over rights which have been adjudged against him; also to enjoin the prosecution of a multiplicity of harassing suits. But the intervention presents no such case. The plaintiff sues upon a money demand and to foreclose an alleged lien. The judgment rendered enjoins him from further asserting his alleged lien. To enjoin resort to the courts to establish and enforce demands, however lacking in merit they may be, is the exercise of judicial power which cannot be sustained.

"An injunction is never granted to stay proceedings in a suit, before judgment, merely because the plaintiff therein has no cause of action." Chadoin v. Magee, 20 Tex. 476.

The interest of the O Company in enjoining the assertion of the lien arises upon the alleged fact that it has a contract for the sale of the land sought to be foreclosed upon, has expended large sums in carrying out that contract, the safety of which is endangered, and the suit clouds the title and impedes it in selling the land. These are very common incidents of suits affecting the title to land, but afford no reason why the plaintiffs in such suits should be enjoined from prosecuting the same. Nor does the tender of a bond to indemnify the plaintiff alter the situation. Courts are without authority to impair the obligation of an alleged contract lien by the substitution of another security.

[7] In this connection, too, it may be remarked that the bond tendered by the pleadings of the intervener would have afforded no protection whatever to the plaintiff. This is true because the plaintiff sought no personal judgment against the Midland Company and the bond tendered by the intervention, as shown by the fifteenth paragraph thereof, was to be "conditioned, that it, and said defendant, Midland Farms Company, will pay any amount that may be adjudged against it by the court, in such suit filed by the plaintiff against said defendant." Nor was there any authority for the cancellation of the lis pendens notices. The lis pendens

notices are the statutory provisions for affecting intending purchasers and incumbrancers with constructive notice of the court records and pleadings "to determine whether there is in fact a lis pendens concerning the real estate in question, and it shall be effective for such purpose from the time of its filing." Article 6840, Complete Tex. St. 1920 or Vernon's Sayles' Ann. Civ. St. 1914.

The Thirty-Ninth Legislature passed an act authorizing the cancellation of lis pendens notice by the court upon the deposit of money or giving bond (chapter 145, Acts 39th Leg. [1925] Reg. Sess. p. 353), but there was no statutory authority for such action at the time the notices in this case were canceled. In the absence of statutory authority for such action, there is no inherent power in the courts to suspend the operation and effect of the lis pendens statutes. If there be decisions by courts of other states recognizing such power without statutory authority, we regard them as unsound and decline to follow the same. Such action, in our opinion, is judicial suspension of valid statutory provisions and not permissible.

Reversed and remanded.