**L. C. BROWNING, Appellant,**

v.

Joseph GOMEZ et al., Appellees.

No. 10580.

Court of Civil Appeals of Texas.

Austin.

May 21, 1958.

Rehearing Denied June 11, 1958.

Johnnie B. Rogers, of Austin, Taylor & Taylor, of Temple, for appellant.

Skelton, Bowmer & Courtney, of Temple, for appellee.

HUGHES, Justice.

Appellees are Joseph Gomez, V. T. Herron, E. L. Burton, M. H. Vanhoose, J. L. Alexander, C. L. Boyd, B. S. Lane, S. J. Matthews, J. Bennett Brown and W. N. McGrew, Presiding Elders of the Central Texas Conference of the Tenth Episcopal District of the African Methodist Episcopal Church.

The appellant is L. C. Browning.

Appellees have moved to dismiss this appeal on the ground that the judgment from which the appeal is taken is not a final judgment since it did not dispose of appellees' cross action against appellant.

The transcript herein shows:

Appellant, plaintiff below, sued appellees for damages for libel, his First Amended

Original Petition being filed April 13, 1956.

Appellees filed a First Amended Cross Action against appellant February 16, 1956, for damages for libel. This was a separate instrument, complete within itself.

On September 27, 1957, appellees filed "their Second Amended Original Answer in Answer to the Second Original Amended Petition."

On the same day, September 27, 1957, appellees filed a motion for summary judgment "subject to the other pleadings of defendants heretofore filed herein and without waiving but still insisting upon the same." This motion was directed solely against the alleged cause of action asserted by appellant against appellees the motion stating:

"The pleadings, evidence, depositions and admissions on file in this cause and before the Court and the attached affidavit show that there is no genuine issue as to any material fact and that these defendants are entitled to a judgment that the plaintiff take nothing as against the defendants, as a matter of law, and for costs of Court."

Appellees' motion for summary judgment was granted November 6, 1957, it being adjudged that appellees:

"* * * do have and recover this Summary Judgment, which is hereby rendered for said defendants by the Court against the plaintiff, L. C. Browning, and that said Defendants' Motion for Summary Judgment in this cause should be, and the same is hereby granted against the plaintiff, L. C. Browning; and that there is no genuine issue as to any material fact and that defendants do have and are hereby awarded Judgment against plaintiff, L. C. Browning, as a matter of law that said plaintiff take nothing as against the defendants and that the costs of Court are hereby assessed against the plaintiff, L. C. Browning, for which let execution issue."

Appellant filed an amended motion for new trial on November 27, 1957, in which he prayed that the "summary judgment be set aside and that he be granted a new trial herein." This motion was overruled by Court order on December 12, 1957, such order containing appellant's notice of appeal to this Court.

■ A judgment which does not dispose, expressly or by implication, of a pending cross action is not a final judgment. Panas v. State, Tex.Civ.App., Austin, 244 S.W.2d 288, and authorities therein cited. The appeal in Panas was from a summary judgment dismissing a suit brought by B. P. Panas and B. P. Panas and Company Inc. against the State of Texas and its Highway Commission in which suit the State had filed a cross action against the corporate plaintiff.

■ The judgment in Panas, as here, did not mention or otherwise dispose of the cross action and we dismissed the appeal for want of jurisdiction since we are not authorized to entertain appeals from interlocutory orders except as provided by stat-

ute. There is no statute authorizing this appeal.

Appellant does not take issue with the above statement of law but contends that the rule is inapplicable here because appellees had abandoned their cross action by amending their answer subsequent to the filing of the cross action.

■ There is no authority which requires a cross action to be contained in the answer. Rule 85 [1] merely provides that the original answer "may present a cross-action." [2]

Rule 63 provides that "parties may amend their pleadings." Rule 64 provides that the "party amending shall point out the instrument amended" and Rule 65 provides that, with exceptions, the substituted instrument shall take the place of the instrument for which the substitution was made.

In amending their Original Cross Action appellees complied literally with Rule 64 by stating that the amendment was "in lieu of their Original Cross Action."

■ In their Second Amended Original Answer filed September 27, 1957, appellees recited that it was filed "in answer to the Second Original Amended Petition" filed by appellant. It did not refer to its previous answer and hence did not expressly comply with Rule 64. We believe, however, that it did so by implication. If the Amended Answer was the "Second" the preceding answer must have been the "First."

In McDonald, Texas Civil Practice, Vol. 2, page 744, it is stated:

"In determining what pleadings are superseded by an amendment, it sometimes is necessary to consider their contents rather than their endorsements."

■ The Second Amended Original Answer of appellees did not refer to their cross action nor did it otherwise purport to amend or supplant it. The contents of the answer as well as its endorsement refute the contention that it superseded the cross action and it cannot, we submit, be rationally concluded that appellees' cross action has been abandoned and since it was not disposed of by the judgment before us we are without jurisdiction of this appeal and it is dismissed.

## On Appellant's Motion for Rehearing

Appellant cites Frost v. De Bogory, Tex. Civ.App. Dallas, 291 S.W.2d 414, no writ history, in support of his contention that appellees' cross action being severable did not prevent the summary judgment from being final and appealable. That case was for the recovery of lands in which the defendants filed a cross action for libel. The cross action was dismissed and an appeal taken from this order. The Court reversed this judgment and directed a severance of the cross action rather than its dismissal. In overruling a motion to dismiss the appeal on the ground that the judgment dismissing the cross action was not a final judgment the Court cited as authority Moran v. Midland Farms Co., Tex. Civ.App. El Paso, 282 S.W. 608, writ dismissed, w. o. j.; Rose v. Baker, 143 Tex. 202, 183 S.W.2d 438 and Maxfield v. Dunagan, Tex.Civ.App. Dallas, 254 S.W.2d 150, no writ history.

In Moran there was an appeal from a judgment granted an intervenor, the main case having been continued. The intervention could have been filed as a separate suit and the Court held "under these circumstances, we have no doubt the intervention 'should be treated as severed and as admitting of more than one final judgment' for the purpose of an appeal." [282 S.W. 611.]

---

1. All Rule references are to Texas Rules of Civil Procedure.

2. See Southwestern Life Ins. Co. v. Sanguinet, Tex.Civ.App. Fort Worth, 231 S. W.2d 727, which recognizes the right to file separately a plea in abatement.

As we understand the Rose case there was an actual severance and separate trial of the severed cause of action. Since there was no actual severance here we need not further discuss this case.

Maxfield held interlocutory and not appealable a summary judgment which did not dispose of all the parties and issues. It correctly states the law as we understand it in these words "A judgment is appealable only when it disposes of all parties or disposes of some independent *severed* severable interest, issue, or right." [254 S.W.2d 152] (Italics added.)

There is nothing in this record to indicate that appellees' cross action was actually severed or that it was severed by necessary implication.

The motion is overruled.

Motion overruled.