**Lewis B. RANSOPHER, Appellant,**

v.

**DEER TRAILS, LTD., Appellee.**

**No. 01–82–0403–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 24, 1983.

Barnet Skelton, Sr., Houston, for appellant.

Ronald Tigner, Houston, for appellee.

Before EVANS, C.J., and COHEN and DOYLE, JJ.

1. In any suit or action of which a notice of

## OPINION

COHEN, Justice.

This is an appeal from the district court's order cancelling appellant's notice of lis pendens, pursuant to Tex.Rev.Civ.Stat.Ann. art. 6643a.

Appellant filed suit to impose a constructive trust upon a 132 acre parcel of land in which he claimed a 25% undivided interest. He asserted that the land had been sold to appellee, Deer Trails, Ltd., in violation of the Texas Trust Act. On September 25, 1981, the same day he filed the suit, appellant filed a notice of lis pendens in the official records of the County Clerk of Harris County, Texas.

Appellee responded with a motion for the district court to cancel the lis pendens notice and permit appellee to post a bond in favor of Ransopher, pursuant to art. 6643a. The parties have consistently referred to this motion as an application for injunction, even though appellee sought a legal remedy under art. 6643a, and not equitable relief. The district court granted appellee's motion and ordered the notice of lis pendens cancelled upon appellee's filing bond in the amount of $150,000, payable to appellant in the event a final judgment should be entered in his favor decreeing that the real estate was, at the time of filing the lis pendens, legally and equitably charged with the constructive trust he sought to impose.

In six points of error, appellant asserts that reversible error has occurred.

In his third point of error, appellant asserts that art. 6643a authorizes the district court to cancel a lis pendens only when the main suit is for recovery of money secured by a lien on real estate. He argues that the statute does not authorize cancellation of a lis pendens notice when the principal action is to establish title to real property, rather than to recover a secured claim. Appellant has asserted a title claim and, alternatively, a damage claim. Both parties call the question one of first impression.

The language of art. 6643a is broad.[1] It applies, "in *any* suit or action of which a

pendency thereof has been filed, and in which it

notice of pendency thereof has been filed...." Notice of pendency may be filed in "... *any* suit or action, involving title to real estate *or* seeking to establish *any* interest or right therein," under art. 6640, Tex.Rev.Civ.Stat.Ann. (Vernon 1969). A filing of lis pendens "to enforce any lien, charge or encumbrance..." is only one of the many authorized purposes under art. 6640. It is not limited to parties asserting title to property, but will afford relief "... upon motion made by *any* party having an interest affected by the action *or in the result of such suit or action,* ...." The relief provided is not limited to any one kind of suit, but rather will issue "in any suit ... in which it shall appear to the court ... that adequate relief can be secured to the party seeking affirmative relief therein, by the deposit of money, or in the discretion of the court, by the giving of an undertaking ... in a sum double the amount of the judgments sought to be recovered...." Nothing in art. 6643a prohibits its application to a suit to establish a constructive trust on real estate.

Appellant cites three cases in his support. The first is *Moran v. Midland Farm Co.,* 282 S.W. 608, 612 (Tex.Civ.App.—El Paso 1926, writ dism'd) in which the court set aside an injunction prohibiting the fixing of a lien upon 223,000 acres of west Texas land in order to protect a real estate agent's 5% commission. *Moran* is distinguishable from this case. The court noted the then very recent enactment of art. 6643a, and held that it did not apply because at the time the lis pendens in the *Moran* case was cancelled, there was no such statutory authority for cancellation.

Appellant further relies on *Kropp v. Prather,* 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). *Kropp* did not involve art. 6643a. It was a suit for damages for slander of title caused by the wrongful filing of a lis pendens. The court held that no damages could be recovered because filing is a privileged act in a judicial proceeding, pursuant to art. 6640.

*Pye v. Cardwell,* 110 Tex. 572, 222 S.W. 153 (1920) held that no damages could be recovered against a person filing a series of malicious lawsuits seeking to foreclose a chattel mortgage lien, absent a seizure of person or property. The attempt to foreclose the mortgage lien was deemed an insufficient interference with property to justify damages.

Cases such as *Kropp v. Prather, Pye v. Cardwell,* and *Moran v. Midland Farms Co.,* demonstrate how difficult it would be for one in appellee's position to recover any damages as a result of a wrongful lis pendens filing. They demonstrate the need for relief like that granted here.

A lis pendens notice may prevent a party from selling or using the property while the main suit is pending. In Harris County,

---

shall appear to the court, upon motion made by any party to the suit or other person having an interest in the property affected by the action or in the result of such suit or action, that adequate relief can be secured to the party plaintiff or defendant seeking such affirmative relief therein, by the deposit of money, or in the discretion of the court, by giving of an undertaking, the court may, at any stage of the proceeding, upon notice to all of the parties to the suit or action to be affected thereby, direct, by order made either in term time or in vacation, that the notice of the pendency thereof be cancelled upon the payment into court of the amount of the judgment sought to be recovered in such action, and such sum in addition thereto as the court may deem sufficient to cover interest likely to accrue during the pendency of the action, and costs.

In lieu thereof, the court may, in its discretion, order that an undertaking be given in a sum double the amount of the judgments sought to be recovered, with two sufficient sureties to be approved by the court, conditioned that the party or person applying therefor will pay the judgment or judgments sought to be enforced against said property, with interest and costs, in the event that a final judgment shall be entered in favor of the party to such suit filing such notice to the effect that such real estate was, at the time of the filing of such notice of pendency of action, legally and equitably therewith charged. A copy of such undertaking with notice of the filing of same shall be served upon the attorney for the party filing such notice of pendency of suit not less than two days prior to the submission of the same to the court for its approval. Upon approval of such undertaking by the court, the court may direct that the notice of pendency of action or suit be cancelled of record in the manner above provided.

where this suit was heard, it is common for three years or more to elapse between the filing of a lawsuit and the trial. In this case, the appellant's lis pendens notice affected the appellee's disposition of the entire 132 acre parcel, even though appellant claimed only a one-quarter interest.[2] There was no evidence that this property had intrinsic, sentimental, or historic value making it unique. The appellant admitted that the highest and best use of the land would be to sell it. His complaint was not that it was sold, but that he was defrauded of the sale proceeds.

Article 6643a restricts relief to cases in which "It shall appear to the court . . . that adequate relief can be secured . . . by the deposit of money, or in the discretion of the court, by giving of an undertaking. . . ." Since the district court found that appellee was entitled to relief under this statute, it implicitly found that adequate relief could be secured to appellant by requiring appellee to post a bond. Appellant makes no complaint about the sufficiency of the evidence to support these implied findings, nor does he complain of the amount of the bond.

We believe the legislature in passing art. 6643a, intended to afford relief to the property owner and not to limit that relief to suits involving money damages. Otherwise, any party could avoid the operation of the statute by artfully pleading his claim to be solely one of title to property.

We hold that article 6643a applies to this case and overrule point of error number three.

■ In his first point of error, appellant complains that the trial court abused its discretion in ordering cancellation of the lis pendens because the undisputed facts are that appellant committed no wrongful act in filing his suit and lis pendens notice. He cites *Kropp v. Prather, supra,* holding that a notice of lis pendens is a privileged filing in a judicial proceeding. We hold that art. 6643a authorizes cancellation of a lis pen-

dens notice, even though its filing was privileged. The statute gives the court discretion to cancel, regardless of whether the lis pendens filing was right or wrong, privileged or nonprivileged. It creates a statutory right to relief within the trial court's discretion, and there is no showing that the court abused its discretion. Point of error number one is overruled.

In point of error number two, appellant complains that the order cancelling the lis pendens did not set forth the reasons for its issuance as required by Tex.R.Civ.P. 683. The trial court's order stated only that appellee was entitled to cancellation of the lis pendens notice pursuant to art. 6643a.

■ This order, although styled a "mandatory injunction," neither orders anyone to do, nor prohibits anyone from doing, anything. No act or omission of appellant could violate this order and result in a contempt penalty. The order merely removes a cloud on appellee's title. "The obvious purpose of (Rule 683) is to adequately inform a party what he is enjoined from doing and the reasons why he is so enjoined." *Board of Equalization v. Wells,* 473 S.W.2d 88 (Tex.Civ.App.—Dallas 1971, no writ). The rule does not apply here, since appellant was not ordered to do or prohibited from doing anything.

We further note that there is only one condition upon which anyone would ever be entitled to relief pursuant to art. 6643a, and that is when " . . . it shall appear to the court . . . that adequate relief can be secured to the party . . . seeking such affirmative relief therein, by the deposit of money . . . or by the giving of an undertaking. . . ." The Court's order is equivalent to a finding that appellant's interest here is adequately protected by appellee's bond. That is a sufficient statement of the reason for the court's order in an action under art. 6643a. The Supreme Court has upheld an order against a challenge under Tex.R. Civ.P. 683 in similar circumstances in *State*

2. A lis pendens may be filed in any land title suit, no matter how large the land parcel or how small the interest asserted. In *Moran,* *supra,* a questionable claim to 5% of proceeds tied up 223,000 acres.

*v. Cook United, Inc.,* 464 S.W.2d 105 (Tex. 1971), which enjoined the defendant from violating a named penal statute. See also *Beene v. Bryant,* 201 S.W.2d 268, 272 (Tex. Civ.App.—Amarillo 1947, no writ); *Garcia v. Tubbs,* 300 S.W.2d 736, 739 (Tex.Civ.App.—Beaumont 1957, writ ref'd, n.r.e.). Point of error number two is overruled.

In his fourth point of error, appellant complains that the court's order constitutes an abuse of discretion because the relief granted under Article 6643a was not supported by pleading, as required by Tex.R. Civ.P. 301, stating: "The judgment of the court should conform to the pleadings, . . . ." In support of his argument, appellant cites *Southland Life Insurance Company v. Egan,* 86 S.W.2d 722 (Tex.Comm'n. App.1935, opinion adopted). That case was decided before the adoption of the Texas Rules of Civil Procedure and does not construe Tex.R.Civ.P. 301.

Texas Rule of Civil Procedure 47 requires only that a claim for relief contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Pleadings are sufficient if they give notice of what issues are to be tried, *McCane-Sondock Detective Agency v. Penland Distributors, Inc.,* 523 S.W.2d 62 (Tex. Civ.App.—Houston [14th Dist.] 1975, no writ) or if they give the adversary notice of what proof will be introduced at trial, *Osteen v. Crumpton,* 519 S.W.2d 263 (Tex.Civ. App.—Dallas 1975, writ ref'd). Specific statutory references are unnecessary. *Chicago R.I. & G. Ry. v. DeBord,* 109 Tex. 20, 192 S.W. 767 (1917). Appellee's pleadings clearly ask for cancellation of the lis pendens. Ransopher filed no special exceptions and made no motion for continuance based on surprise. We hold that appellee's pleadings were sufficient to comply with Tex.R. Civ.P. 47.

Point of error number four is overruled.

In his fifth point of error, appellant complains that the district court's order was an abuse of discretion because it gave appellee all of the relief it sought in the main suit on the merits. As stated above, appellee's suit was brought under a specific statute, not in equity to obtain injunctive relief. Furthermore, appellant's suit to establish a constructive trust, or, in the alternative, to recover damages, has yet to be tried and determined on its merits. Appellee has been required to post bond, the sufficiency of which is not challenged by appellant, and art. 6643a clearly authorizes the cancellation of the lis pendens upon compliance with the provisions of the statute.

Point of error number five is overruled.

In his sixth point of error, appellant complains that the district court abused its discretion in cancelling the lis pendens notice because the court's order disturbed the status quo existing between the parties. Because the court's order is not an injunction, and since the legislature expressly authorized the relief obtained by the appellee, the argument must fail. Cancellation of the lis pendens preserved the status quo which existed before the lis pendens was filed. That is the status which should be preserved, not that existing after the lis pendens was filed. *State v. Friedmann,* 572 S.W.2d 373, 376–77 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

Point of error number six is overruled.

The judgment of the district court is affirmed.